J. A. CROSSWY *v.* STATE OF TENNESSEE.*

(*Jackson.*   April Term, 1928.)

Opinion filed July 16, 1928.

1. **CRIMINAL LAW.  DRIVING AUTOMOBILE WHILE INTOXI-
CATED.  EVIDENCE.**

On trial for violating the statutes against driving an automobile
while intoxicated it appears from the admission of defendant and
by another witness that defendant and witness had drunk half-
pint of liquor taken in connection with conduct of witness on the
witness stand, showing that he was endeavoring to shield de-
fendant, and the testimony of the chief of police that defendant
was driving over the streets under the influence of intoxicant,
there is sufficient evidence to warrant a verdict of guilty. (Post,
p. 370.)

2. **CRIMINAL LAW.  APPLICATION FOR CONTINUANCE DIS-
ALLOWED.**

It is not error for the trial judge to disallow a motion for con-
tinuance in a criminal case where it appears that the application
was supported by proper affidavit as to an absent witness two
days after the indictment was returned and the case was set
over for four days in order to allow defendant time to procure
the attendance of said witness, and upon the case being called
the second time, the application was renewed on the same affi-
davit, without any showing of having made further effort to pro-
cure the attendance  of said witness and where it is not shown
that said witness is within the jurisdiction of the Court.   (Post,
p. 372.)

3. **CRIMINAL LAW.  PLEA IN ABATEMENT.   TOO LATE
AFTER APPLICATION FOR CONTINUANCE.**

Since pleas in abatement are not favored in law, they must exclude
by proper allegations and averments, every legal intendment on
conclusion that might otherwise be made against them and

must be filed at first opportunity; one filed two days after defendant has sworn to an affidavit for continuance, and after his application for a continuance is disallowed, and which makes no showing as to when defendant discovered the facts averred in his plea, should be stricken from the file upon motion of the Attorney-General. (Post, p. 373.)

Citing: Dietzel v. State, 132 Tenn., 47, 69.

4. CRIMINAL LAW. DRIVING AUTOMOBILE WHILE INTOXICATED. PROSECUTOR. PLEA IN ABATEMENT.

A plea in abatement as follows: " 'The defendant, for plea, says that the presentment in this case was not found upon the knowledge of the Grand Jury, or any member thereof, but that it was found upon the testimony of witnesses subpoenaed and examined by the Grand Jury, upon the assumption of inquisitorial power, when in reality no such power existed with respect to the offense charged and the Grand Jury had no right to summons the witnesses until the Attorney-General prepared an indictment, the prosecutor's name signed thereto, and marked the witnesses on the same; and that said presentment does not show any prosecutor's name marked thereon,' " filed to an indictment charging defendant with driving an automobile while in an intoxicated condition, does not state correct law and should be stricken from the files on motion of the Attorney-General. (Post, p. 374.)

Citing: Acts 1917, ch. 21; Acts 1925, ch. 117; Daniels v. State, 155 Tenn., 549.

5. CRIMINAL LAW. MOTION FOR NEW TRIAL. SPECIAL REQUEST. BILL OF EXCEPTIONS.

An assignment of error cannot be considered where it appears that the action of the trial court complained of was made a ground for new trial, which motion is, by bill of exceptions, made a part of the record, wherein said special request is set out in full, but appearing no where else in the record, which is wholly insufficient to enable the Court to review the supposed action of the trial judge. (Post, p. 374.)

Citing: Frazier v. State, 117 Tenn., 430-449; Railroad v. Vanhoy, 143 Tenn., 312-333.

6. **CRIMINAL LAW. DRIVING AUTOMOBILE WHILE INTOX-
ICATED. JUDGMENT IN TRIAL COURT CORRECTED BY
SUPREME COURT.**

Where the defendant is convicted of driving an automobile while
under the influence of an intoxicant, and the trial court enters
judgment sentencing him to a term in the workhouse without
prohibiting the defendant from driving an automobile in Ten-
nessee for a period of one year as a part of the penalty fixed
by law, the judgment will be corrected and reformed by the Su-
preme Court to conform to this requirement of the law. (Post,
p. 375.)

---

*Headnotes 1. Motor Vehicles, 42 C. J., section 1315; 2. Criminal
Law, 16 C. J., section 838; 3. Criminal Law, 16 C. J., section 746;
4. Criminal Law, 16 C. J., section 747; 5. Criminal Law, 17 C. J.,
section 3404; 6. Motor Vehicles, 42 C. J., sections 1319, 1321.

---

## FROM HENRY.

---

Appeal from the Circuit Court of Henry County.—HON.
W. W. BOND, Judge.

LEWIS & RHODES, for plaintiff in error.

W. F. BARRY, Assistant Attorney-General, for defend-
ant in error.

MR. JUSTICE TIMBERLAKE, Special Judge, delivered the
opinion of the Court.

This case is before us upon the appeal of the plain-
tiff in error from a judgment of the Circuit Court for
Henry County at its November Term, 1927, sentencing
him to the County Work House for a period of forty-
five (45) days and adjudging that he pay the cost of
the case.

The presentment was found by the Grand Jury at the
same term of Court at which trial was had, and (omit-

ting formal parts) charges that J. A. Crosswy on the ——
day of August, 1927, in the County of Henry, State of
Tennessee, "then and there unlawfully did drive a motor
driven vehicle upon the public highways of said State,
he being then and there under the influence of an in-
toxicant against the peace and dignity of the State."

The record shows that the presentment aforesaid was
returned into open Court on Tuesday, November 15,
1927, and that trial was had on the following Monday
November 21st. Between said dates defendant made an
application for a continuance based upon his own af-
fidavit, which was sworn to on November 17, 1927, be-
fore the Clerk of the Court and is by the bill of excep-
tions shown to have been as follows:

"The defendant, J. A. Crosswy, makes oath and says
he cannot go safely to trial at this term of Court with-
out the testimony of D. I. Martin; that the defendant was
just indicted on Tuesday afternoon of this week; that
he immediately caused a subpoena to be issued for said
witness, whose home is now in Memphis, Tennessee,
and sent said subpoena to the Sheriff of Shelby County.
He does not know, and has no means of knowing, wheth-
er said subpoena has been executed or not.

"That said D. I. Martin is absent without his consent
or procurement; that if he were here, he would testify
that he was in the crowd and saw an officer arrest Cross-
wy; that he immediately got in the car with Mr. Crosswy,
and they drove two blocks together; that he talked with
him about his being arrested, and that Mr. Crosswy was
not drunk nor under the influence of any intoxicant,
and that he had no odor of intoxicating liquor upon his
breath. That he knows Mr. Crosswy, and has known

him for years, and would have known if he was under the influence of an intoxicant had he been so.

"The defendant knows of no other witness by whom he can prove this fact. He knows of no other witness who had the same opportunity to test his being under the influence of liquor after he was arrested.

"The defendant says he is not guilty as charged in this indictment, and that he can and will have the said witness present at the next term of this Court, if a continuance is had. That this continuance is asked not for delay, but that justice may be had and done.

"(Signed) J. A. Crosswy,

"Sworn to and subscribed before me, this Nov. 17, 1927.

"(Signed) I. H. Dale, Clerk."

While there is no definite showing made as to the date upon which the application for a continuance was first presented and acted upon by the trial Judge, yet it is fairly inferable, from the date the affidavit was sworn to and the recitations immediately following in the bill of exceptions, that the first application for a continuance was on Thursday, November 17, 1927.

After setting forth defendant's affidavit aforesaid, it is then recited in the bill of exceptions, viz.:

"Thereupon, the State's District Attorney stated that this witness D. I. Martin was the same person who was indicted and convicted in Haywood County, Brownsville, Tennessee at the recent and last term of that Court for driving a car while drunk, and that he swore there he was a resident of Paris, Tennessee. It was also admitted there were numbers of other persons present, it being election day and a large crowd there. The Court however passed the case for two days before trial after being called and motion to continue and affidavit heard.

"At the expiration of two days, the case was again called, and same motion and affidavit for continuance made.

"The same was overruled; to which the defendant excepted.

"Said motion for continuance being read and understood by the Court, the same was overruled and disallowed, to which action of the Court in overruling said motion for continuance the defendant then and there excepted, and now excepts.

"PLEA IN ABATEMENT.

"Thereupon the defendant, by his attorneys, presented his plea in abatement to the presentment in this cause, and the Court having heard said plea in abatement read, and argument of counsel both for the State and the defendant, the Court, on motion of the State through the District Attorney-General to strike said plea was of the opinion that said motion was well taken, and said motion was accordingly allowed; and to the action of the Court in allowing said motion of the State to strike said plea in abatement, the defendant then and there excepted, and now excepts.

"Said plea in abatement is in words and figures as follows, to-wit:

" 'The defendant, for plea, says that the presentment in this case was not found upon the knowledge of the Grand Jury, or any member thereof, but that it was found upon the testimony of witnesses subpoenaed and examined by the Grand Jury, upon the assumption of inquisitorial power, when in reality no such power existed with respect to the offense charged and the Grand Jury had no right to summons the witnesses until the Attorney-General prepared an indictment, the prosecu-

tor's name signed thereto, and marked the witnesses on the same; and that said presentment does not show any prosecutor's name marked thereon.

" '(Signed)   J. A. Crosswy.

" 'The defendant makes oath that the above plea is true in substance and in fact.'

"Sworn to and subscribed before me, this Nov. 19, 1927.

" (Signed) I. H. Dale,

"Circuit Court Clerk.

"Thereupon the defendant plead 'Not Guilty' to said presentment, and the following evidence was introduced in the trial of the cause.'"

The minute entry of Monday, November 21, 1927, (omitting style of case and notation as to the nature of the order) recites in part as follows, to-wit:

"Came the Attorney-General for the State and Defendant in person and by attorney, who presented his plea in abatement to the Presentment, and the State through the Attorney-General moved the Court to strike said plea in abatement which motion was argued, and understood by the Court and said motion was accordingly allowed, to which action of the Court defendant excepted;

"Thereupon, Defendant moved the Court for a continuance of the Cause and support thereof read his application, which was in writing and was sworn to, and said motion for a continuance was by the Court overruled, to which defendant excepted.

"On motion of Defendant said plea in abatement and motion for a continuance are ordered filed and made a part of the record in this cause.

157 Tenn.—24.

"Thereupon Defendant plead not guilty to the presentment and put himself upon the Country and the State doth the like."

Defendant, having been found guilty by the trial jury, seasonably moved the Court for a new trial; which being overruled, he then moved in arrest of judgment; which also being overruled and sentence pronounced; he noted his exceptions to the action of the lower Court, prayed and was granted an appeal in error to this Court.

*(1)* The first assignment of error is to the effect that there is no competent evidence to support the verdict of the jury; and the second error assigned is to the effect that the evidence in the case preponderates against the verdict of the jury and in favor of the innocence of the defendant.

We do not deem it necessary to discuss at length the proof heard upon the trial as preserved by the bill of exceptions. We have carefully reviewed the evidence and are satisfied with the jury's verdict as approved by the trial Judge. It is admitted by the defendant Crosswy, when examined as a witness in his own behalf, that in August, 1927, he drove his car on the public highways of Tennessee after he and his friend Whit Smallwood (who was examined as a witness for the State) had drunk a half pint of liquor; he having secured two half pints that day from a fellow, whose name he could not recall. Whit Smallwood testified that the liquor was a poor grade of whiskey—"Kind of yellow looking," and that defendant was under the influence of said intoxicating liquor while driving his automobile at said time and place; but that defendant was not drunk. The explanation given by defendant as to how he secured this liquor, and as to his subsequent conduct after securing same,

taken in connection with the testimony of his friend Smallwood, who evidently was quite desirous of protecting defendant so far as his conscience and oath would permit, satisfies us that the jury was well warranted in convicting defendant, even had the State not shown by the testimony of Clark Ray, Chief of Police of the City of Paris, and Charles Doherty an officer of said City, that defendant was driving an automobile over the streets of Paris, Tennessee, while he was under the influence of an intoxicant. Other witnesses were examined both by the State and defendant; and we have carefully scrutinized all of the evidence, with the result above stated, that we are satisfied with the jury's verdict.

If one will use an intoxicant, he must remember that organized society, speaking through the legislative department of this State, has inhibited him from driving while under the influence of intoxicating liquor any automobile, motorcar, taxicab, or motorcycle in the State of Tennessee, and especially prohibits the driving of an automobile by any person on the public highways of Tennessee, while such driver is under the influence of an intoxicant. Such person has no right to speculate as to the extent of the potency of the intoxicant he has taken, or as to his powers of resistance. If he would avoid the penalty, which the law imposes for violation of its command, common prudence would suggest that he refrain from experimenting as to his ability to overcome the influence of the intoxicant he has used. The statute must be obeyed; and this Court will not, after a fair and impartial trial in the lower Court, permit a defendant found guilty of its violation, to escape punishment, because of a diversity of opinion entertained by those who were called to testify as to the extent of the

influence of the intoxicant used by defendant. Nor will this Court when a defendant confesses that he has been drinking bootleg whiskey while driving an automobile over the public highways of Tennessee, be moved to speculate as to how far the whiskey so consumed has operated to deprive such person of his sense of discretion. To say the least of it, the opinion of such person, as to whether he was or was not drunk, will not be by this Court held to afford evidence sufficient to overturn the verdict of the jury that has been approved by the trial Judge, even though supported by similar opinions expressed by other witnesses examined.

(2) The third error assigned challenges the action of the trial Judge in disallowing defendant's application for a continuance, based on his affidavit above copied. We are of opinion that the trial Judge did not err in refusing a continuance for the term, as was asked for by defendant. As above shown the case was passed to give defendant an opportunity to get D. I. Martin before the Court as a witness. There was no showing made that said Martin was within the jurisdiction of the Court, or that he could be subpoenaed and compelled to attend as a witness should the application for a continuance be granted. Defendant made no effort to secure the attendance of said Martin as a witness, further than to send a subpoena to the Sheriff of Shelby County. Memphis may have been the home of said Martin, but defendant did not undertake to show that said Martin was then at home, or if away that he would ever return. Notwithstanding the delay of four days between the date, when he swore to his affidavit, and his final application for a continuance, defendant made no further showing to the trial Judge relative to securing the said Martin

as a witness. We do not see that there was any abuse of the discretionary power which the trial Judge exercised in disallowing the application for a continuance. Moreover, the testimony of said Martin, as indicated by the affidavit of defendant, was merely cumulative upon a matter of opinion, as to whether defendant was under the influence of an intoxicant on the occasion of defendant's arrest; and we are unable to perceive how the jury could have found a different verdict from what was returned, even had said Martin appeared and given the testimony indicated by defendant's affidavit.

(3) The fourth error assigned challenges the action of the trial Judge in sustaining the motion of the Attorney-General to strike the plea in abatement filed by defendant.

Pleas in abatement are not favorites of the law. They must exclude by proper allegations and averment, every legal intendment or conclusion that might otherwise be made against them, and must be filed at the very first opportunity open to a defendant. *Dietzel* v. *State,* 132 Tenn., 47, 69, and cases there cited. In the instant case, there is no showing made as to when defendant discovered the facts averred in his plea in abatement. The record does affirmatively show that an affidavit for a continuance was made by defendant two days before he swore to his plea in abatement, and that his plea in abatement was not presented until after he had appeared and asked the Court to continue the case until the next term of Court. Under this affirmative showing, with no attempt made by defendant to offer a lawful excuse for his failure to file sooner his plea in abatement, we perceive no error in the action of the trial Judge in striking said plea.

(4) Furthermore, this Court, in the case of *Daniels* v. *State,* 155 Tenn., 549, involving a prosecution under Public Acts of 1917, Chapter 21, as amended by Public Acts, 1925, Chapter 117, adjudged that the law was not as averred in said plea in abatement. What was said in the published opinion, in the case of *Daniels* v. *State,* *supra,* is equally applicable and controlling in this case, and need not be here again repeated.

(5) The fifth error assigned is based on a contention, which the record does not sustain. Defendant's motion for a new trial is, by bill of exceptions, made a part of the record. The fifth ground of said motion sets forth a special request, which is claimed to have been tendered by defendant, and refused by the trial Judge; but at no other place in the bill of exceptions is any reference made to the action of the trial Judge in said regard. The record fails to affirmatively show that said request was presented to the trial Judge at the conclusion of his charge to the jury; that the same was in fact refused, and that defendant then excepted to the action of the Court. The most that does appear as to said matter is the ground of complaint set forth in the motion for a new trial. This, without more appearing, is wholly insufficient to enable this Court to review the supposed action of the trial Judge. *Frazier* v. *State,* 117 Tenn., 430, 449; *Railroad* v. *Vanhoy,* 143 Tenn., 312, 333.

The charge of the trial Judge is a part of the record, and as preserved by the bill of exceptions, evidences full instruction to the jury upon the matter embodied in the supposed special request.

The sixth and last error assigned challenges the action of the trial Judge in permitting the Attorney-General to make certain remarks to the jury in his closing

argument. This assignment of error is without merit. In so far as the record discloses the statements of the Attorney-General as made in his closing argument to the jury, we discover nothing which was not justified by the proof and the occurrences of the trial.

It results that each and all of the assignments of error are overruled.

(6) However, we find that the lower Court failed to embody in its judgment as a part of its sentence the requirement of the law, that defendant shall be prohibited from driving in Tennessee for the period of one year an automobile on the public highways. The judgment of the lower Court will be corrected and reformed to conform to this requirement of the law, which fixes said prohibition as a part of the punishment to be inflicted in case of conviction. As thus modified, corrected and reformed, the judgment of the lower Court sentencing defendant to forty-five days' imprisonment in the County Work House and adjudging that he pay all the cost of the case, will be affirmed.