TRANSPORT CORPORATION v. CALDWELL.—82 S. W. (2d) 571.

Middle Section. February 7, 1935.

Petition for Certiorari denied by Supreme Court, May 17, 1935.

Hume & Armistead and Walter Stokes, all of Nashville, for plaintiff in error.

M. H. Goldschein and Walker & Hooker, all of Nashville, for defendant in error.

DeWITT, J.   This action was brought by John A. Caldwell against the Transport Corporation, alleged to be a foreign corporation doing business in Nashville, to recover damages for injuries to his person and his automobile resulting from a collision with a truck of the defendant on January 5, 1932.   The summons was issued on January 27, 1932, and on April 23, 1932, it was served on "F. J. La Barba of the Transport Corporation."   No declaration was filed until February 10, 1933.   On February 17, 1933, the defendant filed a plea in abatement averring that at the time of the service of the summons F. J. La Barba was not an officer, agent, or employee of the Transport Corporation, and not a proper person upon whom service of process against this defendant could be had. In December, 1933, the plaintiff entered a motion to strike this plea, a plea to the jurisdiction of the court, on the ground that it came too late, having been filed nearly ten months after service of the summons; and that such plea is not favored and must be filed at the earliest opportunity afforded, otherwise the same would be stricken.

On January 13, 1934, the court sustained the motion and the plea in abatement was stricken from the files, the defendant excepting. Thereupon the defendant filed a plea of not guilty.   The cause was tried to a jury solely upon the amount of damages recoverable, as the defendant through its counsel frankly admitted its liability. The jury awarded to the plaintiff $1,500 for his personal injuries and $750 for injuries to his automobile, with interest on the latter sum from the date of the accident.   Upon the hearing of a motion for a new trial a remittitur of $150 of the sum awarded for damage to the automobile was suggested by the trial judge and was accepted by the plaintiff.   Judgment for $2,210 was thereupon entered.   Upon this appeal in error the sole question presented is

whether or not it was error to strike the plea in abatement from the files.

In Grove v. Campbell, 9 Yerg., 7, 9, it was said by Judge Turley: "Pleas in abatement are allowed, stricti juris, and no latitude in practice is extended to them; they must always be filed in a right time, in right form, and properly verified, before the court will entertain them."

▮ A plea in abatement cannot be received after a general continuance. Stephens v. Gilbert, 1 Shan. Cas., 663. The plea in abatement was filed after the lapse of two terms. It is true that no declaration was filed for more than nine 'months after the summons was served; but the abatement sought was to the summons, not the declaration. An objection raised by a plea in abatement goes to the abatement of the writ and not to the sufficiency of the declaration. Caruthers, History of a Lawsuit (5 Ed.), p. 168. It is therefore of no moment that the plaintiff delayed the filing of his declaration. In fact, if the matter of the plea was true, the proper time to file it was before the filing of a declaration. If the court had acquired no jurisdiction over the defendant, it should be known at the earliest possible time. The statutory rule (Code, sec. 8756) that a defendant can, in any suit, plead both in abatement and in bar, at the same time, does not preclude the filing of a plea in abatement before a plea in bar; and necessarily a plea to the jurisdiction of the defendant should be filed first, otherwise the defendant would enter his general appearance when he filed a plea in bar.

▮▮ The statutory rule (Code, Secs. 10331, 10332, 10334) requiring a defendant to plead or demur within two days after the declaration is filed does not operate to allow the defendant to await the declaration before filing such a plea in abatement; for this rule relates to pleadings to the declaration, not to the writ, or summons. Pleas in abatement must be filed at the very first opportunity open to a defendant. This rule has been applied in criminal cases, and there is no sound reason why it should not be applied to civil cases. See Crosswy v. State, 157 Tenn., 363, 8 S. W. (2d), 486; Dietzel v. State, 132 Tenn., 47, 177 S. W., 47; Gill v. State, 134 Tenn., 591, 184 S. W., 864.

▮ No excuse for the delay is set forth in the plea or in evidence that the defendant corporation did not know that its purported agent had been served with process. Mark Twain Lumber Co. v. Lieberman, 106 Tenn., 153, 61 S. W., 70, is therefore not in point. It was incumbent upon the defendant to make this defense, if at all, at the May term, 1932, it being the return term for the summons. The record discloses no reason why it was not then made. The plea in abatement was properly treated as of no

▮ We have treated the plea as in the record, and the action of the circuit judge as being in reality an overrulement of the plea.

A motion to strike, which takes the pleading out of the record, can only be sustained for duplicity, unnecessary prolixity, irrelevancy, or frivolity. Code, Section 8727; Tennessee Hoop Co. v. Templeton, 151 Tenn., 375, 270 S. W., 73.

The assignments of error are overruled, and the judgment of the circuit court is affirmed. A judgment will be entered in this court in favor of the defendant in error against the plaintiff in error for the sum of $2,210, with interest from the date of the judgment in the circuit court, and all costs, including costs of the appeal in error, which will also be adjudged against the surety on the appeal bond.

Faw, P. J., and Crownover, J., concur.