The probate court for the county of Wayne, upon the petition of Helen Tatar, determined her to be the widow and heir-at-law of Gregory Tatar, deceased, and awarded her allowances as such. An heir-at-law of the deceased took an appeal to the circuit court and there the issue of a common-law marriage between the deceased and Helen Tatar was tried before a jury, with verdict that petitioner was the widow of the deceased by reason of a common-law marriage. The heir-at-law reviews by appeal.
Helen and Gregory Tatar were married some years ago by a justice of the peace and lived together for several years. In August, 1938, Mrs. Tatar procured a decree of divorce and claims that when Mr. Tatar came home from his work that evening she showed him the decree; he became very angry, tore up the decree and said: "That is what I think of your divorce papers, * * * you are my wife. I took you as my wife, and you are going to remain as my wife," and she told him: "I was awfully sorry for obtaining that divorce" and "if he would take me back as his wife, I would take him back as my husband; he said he would always take me back as his wife and take care of me." This was said in the presence of two witnesses who gave like testimony and from then on the parties resumed the relations of husband and wife.
Appellant claims that Mrs. Tatar was not competent to testify to the marriage promises. Her testimony in the circuit court was not objected to and this point was not raised. It is too late to raise it for the first time in this court. *Page 344 
Appellant directs attention to 3 Comp. Laws 1929, § 12752 (Stat. Ann. § 28.221), which reads:
"If any persons after being divorced from the bonds of matrimony for any cause whatever, shall cohabit together, they shall be liable to all the penalties provided by law against adultery."
Common-law marriages are valid in this State and the record discloses elements constituting a common-law marriage in this instance, followed by cohabitation. See Opdyke v. Opdyke,237 Mich. 417. The parties held themselves out as husband and wife and made an income tax return as such.
The mentioned statute has no application to the case at bar, for it does not prevent remarriage of divorced persons but only cohabitation without remarriage.
The judgment in the circuit court is affirmed, with costs against appellant.
BOYLES, C.J., and CHANDLER, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. *Page 345