# MILDRED TROXEL v. CLAUDE JONES et al. —322 S. W. (2d) 251.

Middle Section at Nashville. October 31, 1958.

Rehearing denied December 5, 1958.

Certiorari denied by Supreme Court March 12, 1959.

266

Hooker, Keeble, Dobson & Harris, Nashville, for plaintiff Mildred Troxel.

Denney & Leftwich, Nashville, for defendants, Claude Jones, J. J. Jones, and Inez G. Jones.

FELTS, J. This was a suit brought by Mildred Troxel, as widow of Henry H. Troxel, for damages for his wrongful death. He was asphyxiated while a guest in defendants' tourist court near Nashville. Plaintiff charged that defendants negligently operated a defective gas heater, permitting gas to escape in his room, and thereby caused his death.

Defendants filed a special plea, as a plea in abatement, seeking "to *abate* the suit" on two grounds alleged: (1) that plaintiff was not the widow of the deceased for whose death she sued, and (2) that there had been an accord and satisfaction of the cause of action. Plaintiff joined issue on this special plea. Defendants later filed a general plea of not guilty.

Upon defendants' motion, and over plaintiff's objections, the Trial Judge heard the issues on this special plea in advance of a trial on the merits, and found "that the first ground of defendants' plea in abatement, charging that plaintiff was not the widow of Henry H. Troxel, was sustained by the proof, but that the second ground of defendants' plea in abatement, charging accord and satisfaction, was not sustained by the proof". And the Court entered a judgment dismissing the suit.

Plaintiff's motion for a new trial was overruled, and she appealed in error and has assigned errors insisting (1) that the Trial Judge should not have entertained the special plea as a plea in abatement, because it was not verified, it came too late, and the matters pleaded therein were not in abatement but in bar; and (2) that the Trial Judge erred in denying plaintiff a jury trial on these matters, and erred in trying them separately and in advance of a trial of the case.

Plaintiff further insists that her status as the widow of Henry H. Troxel, deceased, was determined and established by a judgment of the Probate Court of Wayne County, Michigan, where they lived and had their domicil; that that judgment was a judgment *in rem* and should have been taken by the Trial Judge as conclusive in this case; and that, in any event, the evidence proved beyond dispute that plaintiff was the widow of deceased, and the Trial Judge should have so found and held.

These questions call for a fuller statement of the procedure followed below. When plaintiff filed her declaration, on June 8, 1956, she demanded a jury to try the case. On August 3, 1956, defendants filed the special plea, as a plea in abatement, averring plaintiff was not

the widow of the deceased, and that there had been an accord and satisfaction. This plea was not sworn to. As stated, plaintiff joined issue on it.

On November 16, 1956, the Trial Court entered an order overruling defendants' motions to set their special plea for hearing in advance of a trial on the merits, and to be permitted to amend this plea by verifying it. This order gave defendants leave to file a petition for discovery, requiring plaintiff to answer questions propounded to her. It ordered that defendants' special plea be heard along with all the other issues on the trial, and continued the case to the next term of Court. On December 3, 1956, defendants filed a general plea of not guilty.

On May 14, 1957, the Trial Judge entered an order setting aside his prior order of November 16, 1956, and allowing defendants to amend their special plea, as a plea in abatement, by verifying it by affidavit of their attorney, and setting this plea for hearing on June 7, 1957, without a jury, and in advance of a trial of the case on the merits. Plaintiff excepted to this order. On June 7, 1957, the Trial Court heard this special plea, with the result above stated.

■ As is well known, a plea in abatement does not settle the merits of any lawsuit, does not deny the cause of action averred in the declaration, but merely shows some ground for quashing the writ or service—abating the action, *"without,* at the same time, *tending to deny the right of action itself"* (Stephen on Pleading (9 Am. Ed. 1867), star pages 47-48). Morrison on Tennessee Pleading (1907) 24-29; Gilreath's Caruthers' History of a Lawsuit (7th ed.), secs. 181-183; T. C. A. sec. 20-903.

█ On the other hand, a plea in bar is "one which shows some ground for barring or defeating the action". Such a plea may "deny all, or some essential part of, the averments of the declaration" or may confess them and aver new facts in avoidance. Stephen, supra, 52; Gilreath's Caruthers' History of a Lawsuit, supra, secs. 206-214.

█ Pleas in abatement, being dilatory, are not favored. They must be verified (T. C. A. sec. 20-905), and filed at the first opportunity. Such a plea cannot be received after a general continuance. Grove v. Campbell, 17 Tenn. 7, 10; Transport Corp. v. Caldwell, 19 Tenn. App. 44, 46, 82 S. W. (2d) 571; Gilreath's Caruthers' History of a Lawsuit, supra, sec. 183, p. 223.

█ At common law, if the issue upon defendant's plea in abatement was found against him, the result was fatal to his case; the jury assessed plaintiff's damages and final judgment was entered for plaintiff against defendant. Since our act of 1897, when defendant's plea in abatement is overruled, he may plead in bar; or he may plead both in abatement and in bar at the same time, and "both pleas shall be heard at the same time, and judgment rendered on each plea" (T. C. A. secs. 20-906, 20-907). Gilreath's Caruthers' History of a Lawsuit, supra, secs. 189, 190.

█ In such case, where plaintiff has demanded a jury, the case becomes a jury case and plaintiff has a right to a jury trial upon all the issues, those upon the plea in abatement and those upon the plea or pleas in bar; and it is reversible error for the Trial Judge to deny plaintiff such a jury trial. Wilson v. Bryant, 167 Tenn. 107, 111,

67 S. W. (2d) 133. Railroad Co. v. McCollum, 105 Tenn. 623, 59 S. W. 136, 137.

So, we think the Trial Judge erred in receiving and treating this special plea as a plea in abatement, in permitting it to be verified and filed as a plea in abatement after a general continuance, in hearing it separately and in advance of a trial on the merits, in denying plaintiff a jury trial on such plea, and in sustaining the first ground of it and dismissing the action.

This action was error for the further reason that this special plea was not in abatement but in bar. Its second ground, averring an accord and satisfaction, was a plea in bar by way of confession and avoidance. Its first ground, charging plaintiff was not the widow of deceased, was a special plea in bar, denying an essential averment of fact in the declaration—that she was his widow and sole beneficiary under the statute, there being no children (T. C. A. sec. 20-607). Tennessee Cent. R. Co. v. Brown, 125 Tenn. 351, 143 S. W. 1129; Hale v. Johnston, 140 Tenn. 182, 203 S. W. 949.

Ordinarily, upon finding reversible error in a jury case, we can only reverse and remand for a new trial by jury. But in this case, as we understand, both sides agree that the evidence left no question for the jury, the defendants insisting that the evidence shows, as a matter of law, that plaintiff is not the widow of deceased, while she contends that her status as such widow was conclusively established by the Michigan decree, and, in any event, by the undisputed proof.

It appears these young people, Henry H. and Mildred Troxel, without a marriage ceremony, began living together in Nashville in the early part of 1952. In the

latter part of 1952, they moved to Detroit, Michigan, and there established a home, and lived together as husband and wife until Henry H. Troxel's death in January 1956. They signed their income tax returns as husband and wife, and it is undisputed that their residence and domicil was in the state of Michigan.

It is also undisputed that this young couple lived together, held themselves out as husband and wife, and were so reputed and accepted by their friends and acquaintances. This was conceded, as we understand, on the hearing below. Defendants' counsel said: "We can raise no question but that they lived together and that they held themselves out as man and wife. Our defense and our argument is that without a divorce there couldn't be—" (a valid common law marriage under the law of Michigan).

Defendants undertook to prove that Mildred Troxel was a party to a prior marriage which had not been dissolved by death or divorce. It appeared she had been married to Charles Hutchson at Franklin, Tennessee, in August 1950. No children were born to them and they separated sometime in 1951. Before their separation they had lived in Nashville. He had then gone to Florida, served a while in the Navy, returned to Nashville in 1955, and remained there until his death in 1956.

Defendants called a deputy clerk of the Circuit Court of Davidson County, who testified that she had made a search of the office for any record of a divorce of these parties, and had found nothing except a bill for divorce filed November 20, 1952, by Mildred against Charles Hutchson, but that bill had been dismissed for want of

prosecution. The witness said her search embraced the period from November 1952 through January 1957.

Defendants also put on a deputy clerk in the office of the Clerk & Master, and he testified that he had made a search of the minutes of both of the Chancery Courts of Davidson County from October 1951 through August 1956; and that he found no record of any divorce having been granted to Mildred or Charles Hutchson. And it was stipulated that the director of the division of vital statistics would testify, if called, that a search of the records of her office for the years 1951 through 1956 did not show any certificate of any divorce of these parties.

Defendants put on plaintiff and interrogated her as their witness. She stated that she lived with Henry H. Troxel as man and wife at his father's house in Nashville until they moved to Detroit in the latter part of 1952. She was then asked:

"Q. During that eleven months or more that you were living with him, you knew that you were still married to Charles Hutchson?

"A. No, I didn't. Charles Hutchson married another woman and he was supposedly divorced from me and I didn't think I needed to bother with that."

From this and other parts of her testimony it appears that when she began living with Henry H. Troxel she thought Hutchson was divorced from her. She later understood he was not divorced, and she filed the bill above mentioned. But she did not pursue it because she later learned that he had been divorced in Florida, which seems to have been the fact; for he married Dorothy Ann Hutchson, had two children by her prior to his

death, and these children are now drawing Social Security as the children of Charles Hutchson, deceased.

There was put in evidence a properly authenticated copy of the decree entered May 28, 1956, by the Probate Court of Wayne County Michigan in the matter of the estate of Henry H. Troxel, deceased, wherein the Court determined the status of plaintiff as widow and heir of deceased. That decree in part was:

"This Court Does Find, Adjudicate and Determine that Mildred Troxel, widow of said deceased, and Grover C. Troxel, father of said deceased, were the only heirs at law of said deceased and entitled under the laws of the State of Michigan to inherit the estate of said deceased."

■ Though Tennessee does not recognize as valid a common law marriage contracted within this state, our courts do recognize as valid a common law marriage contracted in a state where such a marriage is valid. Pennegar v. State, 87 Tenn. 244, 10 S. W. 305, 308, 2 L. R. A. 703, 10 Am. St. Rep. 648; Keith v. Pack, 182 Tenn. 420, 187 S. W. (2d) 618, 159 A. L. R. 101; Smith v. Mitchell, 185 Tenn. 57, 202 S. W. (2d) 979.

■ A common law marriage is valid in Michigan. In that state a common law marriage may be shown by proof of an agreement between two persons of opposite sex to take each other presently as husband and wife, followed and consummated by cohabitation. Barker v. Valentine, 125 Mich. 336, 84 N. W. 297, 51 L. R. A. 787; Hess v. Pettigrew, 261 Mich. 618, 247 N. W. 90; Grammas v. Kettle, 306 Mich. 308, 10 N. W. (2d) 895; In re Tatar's Estate, 307 Mich. 342, 11 N. W. (2d) 912; Shane v. Hackney, 341 Mich. 91, 67 N. W. (2d) 256.

As stated, Mildred and Henry H. Troxel went to Michigan to live, agreed to take each other as husband and wife, lived there together and held themselves out as husband and wife from 1952 until his death in 1956. Their relation was not meretricious but matrimonial, because they thought she had been divorced from her prior marriage. As we understand, it is conceded that they lived together under circumstances which would have constituted a valid common law marriage in Michigan but for the impediment of her prior marriage; that is, if she was divorced from Hutchson.

If there was such divorce, it is immaterial whether it was granted before or after the Troxels began living together in Michigan; for the law in that state is that:

"Where parties engage upon a contract of marriage, which is void because one has a living lawful spouse, and there is uninterrupted cohabitation and reputation after removal of the impediment, a valid common-law marriage will be produced although the fact of the impediment or of its removal may not have been known to either" (Grammas v. Kettle, supra, 306 Mich. 308, 311, 10 N. W. (2d) 895). Shane v. Hackney, 341 Mich. 91, 67 N. W. (2d) 256, supra; Carner v. Sears, Roebuck & Co., 337 Mich. 219, 59 N. W. (2d) 263, 269, and numerous cases there cited.

The presumption is that she was divorced from the prior marriage and the later one was valid; and the burden is upon defendants to prove that her former husband, Hutchson, did not obtain a divorce from her. The presumption of validity of the later marriage is said to be one of the strongest presumptions known to the law. Gamble v. Rucker, 124 Tenn. 415, 417, 137 S. W.

499; Rutledge v. Rutledge, 41 Tenn. App. 158, 293 S. W. (2d) 21, 28; 35 Am. Jur., Marriage, sec. 192; numerous cases collected in the Annotation, 14 A. L. R. (2d) 7, 10, 12-13.

In such a case, the person asserting that a marriage is void because one of the spouses was not divorced from a prior marriage, has the burden of proving there was no such divorce. He may make such proof by showing that no divorce decree is disclosed by the records of any of the divorce courts in any of the counties where either of the spouses might have obtained such divorce. Pewitt v. Pewitt, 192 Tenn. 227, 240 S. W. (2d) 521. But such showing is insufficient if it does not include all of such counties. Rutledge v. Rutledge, supra.

In the case before us, defendants failed to make such proof, failed to negative the presumption that Charles Hutchson had procured a divorce from plaintiff. While defendants did show that no such divorce had been granted in Davidson County, they failed to show that no divorce had been granted in Florida; and plaintiff testified she learned such a divorce had been granted there; and it appears that Hutchson later married, had two children by his second marriage, who are drawing Social Security as his children.

Since defendants adduced no evidence that Hutchson had not been divorced from plaintiff, the presumption is that her marriage to Troxel was valid. For this reason, we find it unnecessary to consider the effect of the Michigan decree upon this question.

Under defendants' plea of accord and satisfaction, a plea of confession in avoidance, the burden was upon them to prove the facts in avoidance. They offered no

proof on this point; and as above stated, they offered no proof to meet their burden of proving plaintiff was not the widow of deceased.

It appears that defendants had an opportunity fully to develop their case on these two issues, and we do not think that justice would be furthered by a retrial of these same issues on the remand. In such case, it is proper to restrict the remand so as to eliminate these issues on the new trial; and this will be done. Perkins v. Brown, 132 Tenn. 294, 177 S. W. 1158, L. R. A. 1915F, 723, Ann. Cas. 1917A, 124; Gaines v. Tennessee Cent. R. Co., 175 Tenn. 389, 394, 135 S. W. (2d) 441.

It results that the judgment of the Circuit Court is reversed and the case will be remanded to the Circuit Court for a new trial restricted in scope as above indicated. The costs of the appeal are adjudged against defendants.

## On Petition to Rehear

Defendants have filed a petition to rehear complaining of our holding that plaintiff was the lawful widow of the deceased, their marriage being presumed to be valid and defendants having adduced no proof to rebut the presumption.

In support of their petition, learned counsel make an able and earnest argument, but it is only a reargument of matters already thoroughly argued by them, and considered and determined by us. It points out no new matter of law or fact overlooked, but only reargues things which counsel say were erroneously decided by us after full argument and consideration.

■ " 'The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which the counsel supposes were improperly decided after full consideration' " (Louisville & N. Railroad Co. v. United States Fidelity & Guaranty Co., 125 Tenn. 658, 691, 148 S. W. 671, 680). Cox v. McCartney, 34 Tenn. App. 235, 242-243, 236 S. W. (2d) 736, 739, and cases there cited.

The petition is denied at petitioners' cost.

Hickerson and Shriver, JJ., concur.