MARION HATLER, Plaintiff in Error,

*v.*

RAYMOND MARTIN STOUT, Defendant in Error.

434 S.W.2d 329.

(*Nashville,* December Term, 1967.)

Opinion filed November 8, 1968.

J. Vaulx Crockett, Nashville, for plaintiff in error; Rutherford, Crockett, Guenther & Davies, Nashville, of counsel.

H. Francis Stewart, Nashville, for defendant in error; Watkins, McGugin, Stewart, Finch & McNeilly, Nashville, of counsel.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Marion Hatler, whose first suit against Raymond Martin Stout for damages for personal injuries had been dismissed on December 9, 1966, on a ground not concluding her cause of action, the dismissal not being on the merits, instituted the present suit within one year, this being on October 26, 1967. Her summons sought service on the basis of T.C.A. sec. 20-235 et seq., particularly secs. 20-236 and 20-237, commonly referred to as the "long-arm" service of process statute, since the defendant was a nonresident of the State of Tennessee, being a resident of the State of California. To this end the summons was issued, containing the statement it was based on the Code sections mentioned, and the original and a certified copy of the summons and the declaration were delivered to the Secretary of State. This officer's affidavit is in the record showing that he mailed a certified copy of the summons and declaration to defendant at the address shown in the summons, by registered mail, return receipt requested, and that the registered letter was returned undelivered to his office on October 31, 1967 with the notation that delivery had been refused.

The affidavit concludes that service of process was accepted for the first Monday in January 1968.

On April 19, 1968, plaintiff Hatler moved for a judgment by default against defendant Stout for failure to plead, giving notice of the motion to Francis Stewart, as attorney for defendant Stout. Within nine days, on April 26, 1968, defendant Stout filed a plea in abatement making the contention that as a nonresident he had not

been served with lawful process. On May 13, 1968, defendant Stout moved to dispose of the plea in abatement. On May 17, 1968, this motion to dispose of the plea was met by plaintiff Hatler's motion to strike the defendant's plea in abatement on the ground it was not filed in time, and upon the ground the plea in abatement was insufficient in law as defendant was subject to the jurisdiction of the court by service of process under sec. 20-235 et seq.

The trial judge overruled the motion to strike the plea in abatement for untimely filing, and sustained the plea on the ground defendant was not before the court by proper and lawful service of process. Plaintiff Hatler has appealed assigning errors which make the two primary contentions: (1) That the plea in abatement was filed too late, and should have been stricken; and (2) that under T.C.A. sec. 20-235 et seq. and particularly secs. 20-236 and 20-237 process had been lawfully served.

 With respect to the first proposition, while we are well aware of the rule that a plea in abatement must be filed at the right time and at the right place and must be properly verified; and that ordinarily the right time requirement means at the first opportunity, *Transport Corporation v. Caldwell,* 19 Tenn.App. 44, 82 S.W.2d 571; *Troxel v. Jones,* 45 Tenn.App. 264, 322 S.W.2d 251, we are not disposed to overrule the trial judge's holding in this case. We must bear in mind that T.C.A. sec. 20-901 [1], the only Code provision which relates to this subject of pleas, does not say that a plaintiff *shall* have judgment by default for failure of a defendant to plead in time, but, in language which was purposefully and carefully chosen,

---

[1] "20-901. *Time for appearance of defendant.*—The defendant shall appear and demur or plead within the first two (2) days after the time allotted for filing the declaration, otherwise the plaintiff may have judgment by default."

says that the Plaintiff *"may have judgment by default"*. It must have appeared to the trial judge that defendant's counsel had acted with dispatch to plead for defendant as soon as the pendancy of the suit came to his attention. And that since there had been no general continuance of the case, and no possible prejudice or harm to plaintiff, the plea was timely. So far as the record before us discloses, defense counsel was first notified of plaintiff's suit by the motion for default judgment served on him on April 17, 1968. And within nine days, on April 26, 1968, the plea in abatement was filed.

Under these circumstances we would not be warranted in upsetting the action of the trial judge in a case involving this sort of service of process; where service of process is constructive, not actual, and the only actual notice of the pending suit was given a very short time before the filing of the plea. Since T.C.A. sec. 20-901 expressly reserves the matter of pleas and default judgments to the exercise of trial judges' fair, judicial discretion, and there is no hard and fast rule of this Court requiring that we hold to the contrary, we affirm the trial judge.

The question on the validity of the plea in abatement arises this way. As stated, plaintiff Hatler sought to have process served under T.C.A. sec. 20-235 et seq., and particularly secs. 20-236 and 20-237. By plea in abatement defendant Stout maintained that process could not be served under these statutes in a suit arising out of the use of the highways by a nonresident motorist. That the action had to be brought under T.C.A. sec. 20-224, whereby a nonresident making motor vehicle use of state highways constitutes the secretary of state an agent for the acceptance of service of process in any civil tort action

arising out of such use. And that by the express terms of sec. 20-224, (in pertinent part,[2]), the agency of the secretary of state to accept such service of process continued for a period of only one year, the suit being predicated on personal injuries.

So that, since the declaration alleged the accident occurred in August 1962, the agency of the secretary of state had long since expired, and the attempted service was void.

Plaintiff Hatler countered, contending that T.C.A. sec. 20-235 provides for service of process in such a case as this, that it is not based upon a constructive agency, and that there is no time limitation with respect to the service of process written into the statute. So the process was validly served. The particular language of sec. 20-235, relied on is that providing for process in any case involving: "(b) Any tortious act or omission within this state;".

Although a strong argument is made for the proposition that, since this broad language includes tort actions arising out of automobile accidents, and as the statute is expressly declared to be remedial legislation, to be given a liberal construction, (T.C.A. sec. 20-240), it prevails

---

[2] "The agency of the secretary of state to accept service of process in actions for personal injury shall continue for a period of one (1) year from the date of any accident or injury and in actions for injury to personal property, for a period of three (3) years from such date and shall not be revoked by the death of such nonresident within such periods of time. Such agency shall continue so long after the expiration of such time as may be necessary to enable the secretary of state to complete the service of process, sued out prior to the expiration of said time and forwarded to him with reasonable dispatch. The secretary of state shall keep a docket in which he shall enter the style of the cause, the date of issuance of such process, the date of its receipt by him and the date on which it was forwarded by him to the person named as defendant therein."

over T.C.A. sec. 20-224. But, because of well settled principles of statutory construction, we cannot agree.

T.C.A. sec. 20-235 is a general law in that it relates to service of process on nonresidents and residents absent from the state in a wide spectrum of cases involving practically every relationship or situation out of which a cause of action might arise, except those having to do with domestic relations, and possibly certain other limited classes of cases. While, to the contrary, T.C.A. sec. 20-226 is a special law in that it relates only to service of process in one particular type of action, those tort actions arising out of motor vehicle use by nonresidents of state highway.

With respect to such a situation we must apply the rule recognized by this Court in *Memphis and Shelby County Bar Association v. Himmelstein* (1932) 165 Tenn. 102, 53 S.W.2d 378; *State ex rel. v. Safley* (1938), 172 Tenn. 385, 112 S.W.2d 831; *Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013; *Keefe v. Atkins,* 199 Tenn. 183 285 S.W.2d 338; *Green v. State,* 207 Tenn. 461, 340 S.W.2d 916; *Strader v. United Family Life Insurance Co.,* 218 Tenn. 411, 403 S.W.2d 765.

■ This rule is best stated in *State ex rel. v. Safley,* as follows:

"Directly in point is the following from Black on Interpretation of Laws, 116:

'As a corollary from the doctrine that implied repeals are not favored, it has come to be an established rule in the construction of statutes that a subsequent act, treating a subject in general terms and not expressly contradicting the provisions of a prior special statute, is not to be considered as intended to affect the

more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all.

So, in Sedgwick on the Construction of Statutory and Constitutional Law, the author observes, on page 98, with respect to this rule:

'The reason and philosophy of the rule is, that mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all.'

And, Mr. Justice Brewer, in his opinion in *Rodgers v. United States,* 185 U.S. 83, 22 S.Ct. 582, 584, 46 L.Ed. 816, quotes with approval the following from *Crane v. Reeder,* 227 Mich. 322, 334, which has application to the instant case:

Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous as the legislature is not to be presumed to have intended a conflict.'' 172 Tenn. 389-390. 112 S.W. 2d 832-833.

Chief Justice Grafton Green recognized and applied this rule in *Woodroof v. Nashville* et al., supra, and held that, although sec. 9015 of the then Code provided that a party dissatisfied with the decree of the lower court could "appeal to the Supreme Court" from a decree of the lower court in a certiorari proceeding case prosecuted under Code secs. 9008-9018, the particular provision of the Code, sec. 10618, fixing the jurisdiction of the Court of Appeals, required that the appeal under the certiorari statute go to that court. That Code section, 10618, which obviously contravened 9015, was special in that it dealt exclusively with the jurisdiction of the Court of Appeals, so it would prevail over the other statute.

■ Applying the rule as stated in the *Safley* case, we find that not only is there no express provision in T.C.A. sec. 20-235 et seq. which requires that it override T.C.A. sec. 20-224, to the contrary, there is express language in T.C.A. sec. 20-240, creating the strong probability that the General Assembly had in mind this exact question and did not intend for the "long-arm" statute to override the constructive agency arrangement for process. This is found in the provision, in T.C.A. sec. 20-240, that, "Nothing contained in sections 20-235—20-240 shall limit or affect the service of process in any other manner now provided by law."

■ When this express provision that this "long-arm" law "shall not" affect the service of process in any other manner now provided by law is considered together with the Safley rule, we are required to hold that T.C.A. sec. 20-224 continues as the special and particular authority for process in tort actions arising out of motor vehicular use of the highways by nonresidents.

This conclusion is made inescapable when consideration is given to the last legislative attention given this subject. In 1968, by Chapter 574, of the 1968 Adjourned Session of the General Assembly, which was some three years after the enactment of the "long-arm" statute at the 1965 General Assembly (Acts 1965, Ch. 67), the General Assembly completely reworked the second paragraph of sec. 20-224, relating to the duration of the agency of the secretary of state, adding additional porvisions thereto which experience with the statute had indicated were advisable.

This revision also incorporated changes which were unnecessary if T.C.A. sec. 20-235 et seq. applied; specifically, the three year provision for property damage suits, and the provision for nonrevocation of the agency for death of the nonresident. We are constrained to inquire, why all this time and attention, and virtual reenactment of the agency arrangement was given to this statute in 1968? And we must answer, because the legislature intended it to prevail and apply.

So, under our obligation to find the meaning of every legislative action, and to give it effect, we must and do hold that T.C.A. sec. 20-224 is the statutory authority for service of process in tort actions arising out of motor vehicular use of state highways by nonresidents, and that T.C.A. sec. 20-235 et seq. the "long-arm" statute, is not available for the service of process in such a case.

Although other questions have been raised, the two we have answered in this opinion decide the case. The judgment of the Circuit Court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.