# WILLIE NABORS, Plaintiff-Appellee, v. RICHARD C. DURHAM, Defendant-Appellant. —450 S.W.2d 314.

Western Section.   September 12, 1968.

Certiorari Denied by Supreme Court December 16, 1968.

Markham & Martin, Millington, for appellant.

G. Edward Draper, Memphis, for appellee.

CARNEY, J. The Judge of the Juvenile Court of Memphis, Tennessee, decreed that the appellant, Richard C. Durham, was the father of a child born to the plaintiff, Willie Nabors, in Memphis, Tennessee, on September 26, 1967. He ordered him to pay $10.00 per week for the support of said child. The decree further provided that a $500.00 cash bond previously forfeited by the defendant was to be paid over to the plaintiff to be applied toward the medical expenses incident to the birth of the child and for the support of the child. The defendant, Richard C. Durham, was not present at the time of the trial on January 22, 1968, but was present in court through his attorney only relying upon a plea in abatement which he had filed previously and which had been ordered stricken by the Juvenile Judge. Defendant Durham appeals from both the final decree of the Judge and from the order striking the plea in abatement.

The salient facts are that the plaintiff, Willie Nabors, age 35, was a citizen of Raleigh, Shelby County, Tennessee, and on November 14, 1966, she was divorced from her husband. By the marriage she had three children

ages 13, 10, and 8. In December, 1966, she began keeping company with the defendant, Richard C. Durham, age 35, an enlisted man in the U. S. Navy stationed at Millington, Shelby County, Tennessee. She became pregnant and on May 23, 1967, she filed her petition in the present cause in the Juvenile Court of Memphis, Tennessee, asking the Juvenile Court to declare the defendant the father of her unborn child and to order the defendant to support the child. Suit was brought under the authority of T.C.A. Section 36-222 et seq.

At the time of the filing of the petition on May 23, 1967, and prior thereto she was and had been residing at Raleigh, Shelby County, Tennessee, which was outside the territorial limits of the City of Memphis, Tennessee. She lived in the City Limits of Memphis from June 19, 1967, until July 1, 1967, when she moved to Millington, Shelby County, Tennessee. Millington is outside Memphis, Tennessee. She has resided continuously in Millington to the date of the trial. She was a resident of Memphis, Tennessee, only for the period of time from June 10, 1967, until July 1, 1967.

At the time the petition was filed on May 23, 1967, and at all times prior to September 1, 1967, the defendant, Richard C. Durham, was a member of the U. S. Navy and stationed at Millington, Shelby County, Tennessee. At no time did he reside in Memphis, Tennessee. On September 1, 1967, he was transferred to California and has not been within the jurisdiction of the Juvenile Court or any of the courts of Shelby County, Tennessee, to the date of the trial.

On June 8, 1967, a summons issued from the Juvenile Court of Shelby County requiring the defendant, Rich-

ard Clay Durham, to appear before the Memphis Juvenile Court on October 19, 1967, and this summons was served on the defendant on the same day, June 8, 1967. On June 26, 1967, an order was entered in the cause as follows:

"IN THE JUVENILE COURT OF MEMPHIS, SHELBY COUNTY, TENNESSEE

Willie Pearl Nabors
    vs.
Richard Clay Durham

Docket No.    63352

ORDER GRANTING CONTINUANCE

This cause came on to be heard before the Honorable Kenneth A. Turner, Judge of the Juvenile Court of Memphis, Shelby County, Tennessee.

Upon good and sufficient cause shown

IT IS THEREFORE ORDERED that the case be and is hereby continued until October 19, 1967, at 3:00 P.M.

IT IS FURTHER ORDERED that the defendant post an Appearance Bond with the Clerk of this Court in the amount of $500.00, to be posted no later than July 3, 1967.

This 26th day of June, 1967
/s/   Frank B. Glankler, Jr.
Special Juvenile Court Judge   "

On June 26, 1967, Richard Clay Durham posted $500.00 cash bond guaranteeing his appearance before the court on October 19, 1967. On September 9, 1967, he filed a plea in abatement under oath stating that the plaintiff was at the time of filing her petition a non-resident of the

City of Memphis and a resident of Millington, Shelby County, Tennessee, and also averring that the defendant was also a non-resident of Memphis, Tennessee, hence the Juvenile Court of Memphis, Tennessee, had no jurisdiction to hear the cause. Contemporaneously with filing the plea in abatement on September 6, 1967, defendant's counsel requested the Clerk of the Juvenile Court to notify attorney for the plaintiff of the filing of a plea in abatement.

On October 19, 1967, plaintiff and her attorney appeared in open court and the defendant, by his attorney, appeared and the cause was continued until November 16, 1967. The defendant's attorney asked the court that the plea in abatement be heard prior to any hearing in the cause. The entire cause, including the plea in abatement, was set for November 16, 1967, in order to give the defendant an opportunity to appear in person at the trial.

On November 16, 1967, the defendant did not appear in person but only by his attorney. Plaintiff and her attorney appeared and the defendant's cash bond was ordered forfeited by the court. The case was set for further hearing on December 7, 1967. The defendant's attorney urged the court on November 16, 1967, to take action on the plea in abatement but the court continued the hearing for all purposes until December 7, 1967.

On December 7, 1967, the court refused to accept any additional proof of the allegations of the plea in abatement. Plaintiff did not join issue on nor file any replication to the plea in abatement nor present any evidence to refute the allegations of the plea in abatement. On December 18, 1967, Judge Turner entered an order striking

defendant's plea in abatement as not having been timely filed and on the further ground that plaintiff's attorney was not served a copy. The defendant excepted. On January 22, 1968, the court entered a final order legitimating the child as the child of defendant Richard C. Durham and ordering support payments as above set out.

By appropriate assignment of error in this Court the appellant, Richard C. Durham, assails the action of the Juvenile Court in striking the plea in abatement.

T.C.A. Section 36-224 provides as follows:

"36-224. Petition to establish paternity—Time of filing—Jurisdiction—Issuance of warrant—(1) A petition to establish paternity of a child, to change the name of the child if it is desired, and to compel the father to furnish support and education for the child in accordance with this chapter may be filed by the mother, or her personal representative, or, if the child is likely to become a public charge by the state department of public welfare or by any person. Said petition may be filed in the county where the mother or child resides or is found or in the county where the putative father resides or is found. The fact that the child was born outside this state shall not be a bar to filing a petition against the putative father. After the death of the mother or in case of her disability said petition may be filed by the child acting through a guardian or next friend.

(2) Proceedings to establish the paternity of the child and to compel the father to furnish support and education for the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than

two (2) years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support. Provided, however, that the department of public welfare or any person shall be empowered to bring a suit in behalf of any child under the age of eighteen (18) who is, or is liable to become a public charge.

(3) For the purpose of this chapter original and exclusive jurisdiction is conferred upon the juvenile court.

(4) The petition shall be verified by affidavit and shall charge the person named as defendant with being the father of the child and shall demand that he be brought before the court to answer the charge.

(5) The court shall issue a warrant for the apprehension of the defendant, directed to any officer in the state authorized to execute warrants, commanding him without delay to apprehend the alleged father and bring him before the court, for the purpose of having an adjudication as to the paternity of the child, and such warrant may be issued to any county of this state. But in the discretion of the court, a summons may be issued as in civil cases."

Pertinent articles of the Charter of the City of Memphis cited by appellant are as follows:

ARTICLE 35. CITY COURT

Section 251. "Created; jurisdiction generally.

There shall be a City Court. Said Court shall be a Court of record and shall have original and exclusive jurisdiction of all violations of municipal ordinances, and shall also be clothed with the same powers and

duties possessed by a Justice of the Peace, touching the arrest and preliminary trial, discharging, binding over, or punishing under the small offense law, of all persons charged with offenses against the state, committed in the City.''

ARTICLE 36. MUNICIPAL JUVENILE COURT

Section 295. ''Established; jurisdiction generally.

In all cities of this state having a population of one hundred sixty thousand (160,000) inhabitants or over by the Federal Census of 1920, and by each succeeding Federal Census, there shall be established and is hereby established a municipal juvenile court, which together with the judge thereof, shall be vested with all the rights, powers and jurisdiction to try and dispose of cases of juvenile delinquents, dependents or offenders, with the same rights, powers and jurisdiction as are vested in other judges and courts under chapter 58 of the Public Acts of the General Assembly for 1911, and all Acts amendatory thereof. The territorial jurisdiction of the judge of the municipal juvenile court shall extend and be consistent with the territorial jurisdiction of the judge of the city or police court having jurisdiction to try offenders for the violation of city ordinances, as provided by the Charters of such cities.''

■ T.C.A. Section 36-227 provides that the case will be tried before the Juvenile Court without a jury unless the defendant demands a jury or the judge, on his own motion, orders a jury trial. In either event the case is certified to the Circuit Court for a jury trial upon the issue of paternity. Upon determination of the issue of paternity the case will be remanded to the Juvenile Court

for further proceedings. Hence, we hold that the proceedings in the Juvenile Court under T.C.A. Section 36-222 et seq. are equitable in nature. Absent any statutory provisions to the contrary the method of attacking jurisdiction of the Juvenile Court would be the regular Chancery procedure as outlined in T.C.A. Section 16-616 as follows:

"16-616. Methods of contesting jurisdiction.—The jurisdiction of the court of chancery in which suit is brought, can only be resisted by plea in abatement, demurrer, or motion to dismiss."

The appellee contends that the appellant's right to rely upon a plea in abatement was barred because it was filed after a general continuance, citing Troxel v. Jones (1959), 45 Tenn.App. 264, 322 S.W.2d 251; Transport Corp. v. Caldwell, (1935), 19 Tenn.App. 44, 82 S.W.2d 571; and Akers v. Gillentine (1950), 33 Tenn.App. 212, 231 S.W.2d 372.

■ According to the record the only summons issued against the defendant, Richard Clay Durham, required him to appear before the Memphis Juvenile Court on October 19, 1967, at 3:00 P.M. The order dated June 26, 1967, granting a continuance of the case until October 19, 1967, at 3:00 P.M. does not bear the signature of either the defendant or his counsel. Insofar as the setting of the case was concerned the order was superfluous because the summons itself required the defendant to appear on October 19, 1967, at 3:00 P.M. The defendant was not legally required to file any pleadings or answer before October 19, 1967. The first pleading which he did file in the case was a plea in abatement to the juris-

diction of the court and the jurisdiction of the person of the defendant on September 6, 1967.

Therefore, we hold that the plea in abatement to the jurisdiction of the court and to the person of defendant was in fact timely filed and the cases relied upon by the appellee are not applicable.

◼ Even if it be conceded, which we do not, that the plea in abatement was not timely filed yet we think His Honor the Trial Judge was in error in entering a judgment in the case because the plea in abatement which the defendant's attorney relied upon without further pleading should have been treated as a motion to dismiss or abate the suit for matters developed during the progress of the cause. Candy Co. v. Refining Co., 2 Higgins Court of Civil Appeals 608, 612; Vol. I Gibson's Suits in Chancery, 5th Edition, Section 279. Upon the trial upon the merits it affirmatively appeared without contradiction that neither the plaintiff nor her child nor the defendant were resident or residents of the City of Memphis at the time of the suit nor at the time of the trial.

We are cited to no statute or provision of the Memphis Municipal Code which authorizes the Memphis Juvenile Court to determine a paternity case where the mother of the unborn child at the institution of the suit and at the time of the trial resides outside the territorial limits of the City of Memphis and the putative father is also residing outside the territorial limits of the City of Memphis. Apparently the solicitor for appellee concedes that the plea in abatement, if timely filed, was valid and was sufficient to abate the suit. The jurisdic-

tion was in the Juvenile Court of Shelby County, Tennessee.

Therefore, the judgment of the lower court will be reversed, the cause will be remanded for entry of a decree dismissing the plaintiff's suit and refunding to the defendant his appearance bond of $500.00. The plaintiff is taxed with the costs in the lower court and on this appeal.

Judge J. B. Avery, Sr., formerly Presiding Judge of the Western Section of the Court of Appeals, heard argument but retired before this opinion was prepared and did not participate in the decision of this case.

Bejach, J., concurs.