DONNA KAYE REYNOLDS, Appellant, v. JAMES
RICHARDSON, Appellee. —462 S.W.2d 233.

Middle Section. June 26, 1970.

Certiorari Denied by Supreme Court December 21, 1970.

270

Jack B. Henry, Moore, Henry, Henry, Lewis & Cain, Pulaski, for appellant.

Lloyd & Bussart, Lewisburg, for appellee.

SHRIVER, P.J. (M.S.). This is a suit to establish the paternity of the child Marshall Brock Reynolds, and to recover child support from the defendant.

Petitioner, Donna Kaye Reynolds, filed her Petition in the Juvenile Court of Giles County, Tennessee, under the provisions of 36-222 T.C.A., and alleged therein that the minor child, Marshall Brock Reynolds, was born on the 6th day of October, 1965, and resided with the petitioner in Giles County, Tennessee.

It is further alleged in the Petition that James Richardson, the defendant, is the natural father of said child which was born out of wedlock.

It is also alleged that on October 30th, 1965, a warrant was issued by the Juvenile Court under the provisions

of the statutes of this State containing prayers similar to those in the petition now before the Court, but that said warrant was dismissed on November 27, 1965, upon payment of costs and the payment to her of the sum of $500.00.

It is finally alleged that petitioner is unable to furnish support for the said child, that she has only a part-time job and is living with her parents, and, therefore, prays that an order of paternity and support be entered requiring the defendant to pay such sums for the maintenance and support of the aforesaid child as may be deemed necessary and proper by the Court.

On May 27, 1969, the defendant filed a so-called "Plea in Abatement" seeking to have the petition dismissed on the grounds:-

(1) That the face of the petition shows that the Statute of Limitations has run on the defendant prior to the filing of the petition;

(2) That the same cause was filed, warrant issued and dismissed with prejudice on November 27, 1965;

(3) That this cause was filed in Giles County and the defendant was served in Marshall County and that this is a transitory cause of action and that the defendant is not duly before the Court.

On the same day, to-wit, May 27, 1969, defendant filed a Demurrer to the petition as follows:-

"DEMURRER

Comes now the defendant, through his attorneys, LLOYD & BUSSART, and without waiving any of the foregoing pleas or defenses demurs to the petition filed

against him on the grounds that the petition shows that the Statute of Limitations has expired prior to the filing of this petition and that the cause was duly dismissed with prejudice on November 27, 1965, on the same and identical grounds and the same and identical parties.

LLOYD & BUSSART

By /s/ Walter W. Bussart''

On the following day, May 28, 1969, a Motion for Trial by Jury was entered by the defendant, and on the same day, the following decree was entered:

''This cause came on to be heard on this the 28th day of May, 1969 upon the Motion of the defendant that the cause be transferred to the Circuit Court for a trial before a jury.

It appearing to the Court that the said Motion is well taken.

It is, therefore, ORDERED, ADJUDGED AND DE-CREED that this cause be transferred to the Circuit Court for trial before a jury to determine the question of whether or not the defendant is the father of the child.

/s/ James M. Thomas

JUVENILE JUDGE''

Thereafter, on August 7, 1968, the following Memorandum Opinion was filed by the Circuit Judge:

''MEMORANDUM OPINION

FILED 8/7/69

Reynolds v. Richardson
Giles Circuit—(Paternity Suit)
Re: Plea in Abatement

In this cause, after hearing proof on the Plea in Abatement, I think the determination of the matter depends on the construction of the words 'or supporting' in the Statute.

After an examination of the various definitions of 'Support' I conclude that 'support' as used in the Paternity statute means to 'maintain with a reasonable degree of regularity' or supply the needs of the child including food, medicine, housing, clothes, etc., including gifts.

Under the proof, giving the Complainant full credence, the 7 to 10 times from October 1966 through January 1969, after having dismissed a paternity suit by herself and her parents (also being represented by counsel) that the defendant gave her twenty dollars or twenty-five and forty dollars at a time, the same being voluntary contributions, do not, in my opinion constitute supporting the child to the extent that is contemplated by the statute, so as to toll the Statute of Limitations.

Plea is sustained. August 6th, 1969.

/s/ W. A. Harwell"

Following the filing of the foregoing Opinion an order was entered dismissing the case at the cost of the petitioner.

A Motion for a New Trial was made and overruled, following which an appeal was granted and perfected to this Court.

We have before us the narrative Bill of Exceptions which consists of a summary of the testimony of Donna Kaye Reynolds. It is related that she testified that she began dating the defendant, James Richardson, in 1964, the year she graduated from high school, that the baby was conceived in December, 1964, and born on October 6, 1965, and that she filed bastardy proceedings on October 30, 1965, but that the warrant issued at that time was never served.

She further testified that she and her mother and father consulted with and were represented by the Honorable David Wade, Attorney of Pulaski, and that she and her mother and father had a conference with the Honorable Thurman Thompson and the defendant's father in Mr. Thompson's office at Lewisburg. The narrative Bill proceeds as follows:

"That they called and consulted with Mr. Wade following the defendant's father's offer to pay $500.00 to dismiss the bastardy proceedings to which they agreed and subsequently on November 27, 1965, the bastardy case in Giles County was dismissed and the costs were paid by her or on her behalf.

She further testified that she received the following payments from the Defendant:

| | | |
|---|---|---|
| November, 1965 | $500.00 | Settlement |
| October, 1966 | 25.00 | 'Use this for Brock' |
| October, 1967 | 20.00 | Sandbox for birthday |
| August, 1968 | 20.00 | After operation |
| Christmas, 1968 | 40.00 | Brock—Christmas |
| January, 1969 | 20.00 | Brock—Clothes |

She stated that in addition he gave her $10.00 to $20.00 seven to ten times from October of 1966 to January 9, 1969.

On cross-examination she admitted that the defendant was not present and had not contacted her prior or at the time of the settlement made by his father.

That the various sums of money mentioned by her were made to her at night at the Pulaski Industrial Park, always after 7:30 P.M., with no witnesses present, except that the first above mentioned sum of money of October 1966 was made while she was with a date at a nightspot called the 'Supper Club' in Lewisburg, Tennessee, while she was dancing with the defendant.

She further testified that she never made any notation of the dates and could not remember even closely the dates.

She testified that she knew that the defendant was married and that he and his wife had a child, and that she called his mother on one occasion.

On re-direct she stated that the gifts of the alleged sums of money by the defendant were voluntary.

She further testified that before the child was born he admitted to her at her sister's house in front of two witnesses that he was the father of her child.

The defendant did not testify and no proof was offered on his behalf.

This was all the evidence.''

## ASSIGNMENTS OF ERROR

There are two assignments as follows:

1. The Court erred in failing to hold 'the furnishing of support' within the meaning of 36-224 T.C.A. means periodic payments of money or property in any amount

whereby the mother of an illegitimate child is induced to believe that these payments will continue and relying on the putative father's voluntary discharge of his duty she delays the institution of paternity and support proceedings.

2. The Court erred in failing to hold that the Appellee was estopped to rely on the Statute of Limitations where, (all inferences and intendments of fact being construed in her favor for purposes of ruling on the plea in abatement) conduct by the Appellee toward her lulls her into a feeling of false security and induces her to delay the institution of proceedings for the period prescribed as a bar by the Statute TCA 36-224; and whereby appellant was induced to believe that the Appellee would voluntarily recognize and discharge his obligation to support the child without the institution of legal proceedings.

Section 36-224, T.C.A., entitled "Petition to establish paternity", provides, among other things:

"(2) Proceedings to establish the paternity of the child and to compel the father to furnish support and education for the child may be instituted during the pregnancy of the mother or after the birth of the child, but *shall not be brought after the lapse of more than two (2) years* from the birth of the child, *unless paternity has been acknowledged by the father in writing or by the furnishing of support.*" * * *

(3) For the purpose of this chapter original and exclusive jurisdiction is conferred upon the juvenile court."

Section 36-227, entitled "Conduct of trial". provides that the trial shall be by the court without a jury unless

the defendant shall demand a jury or the judge of his own motion orders, in either of which events the case shall be transferred to the circuit court for jury trial on the issue of paternity and shall be remanded to the juvenile court upon disposal of that issue if paternity is found.

Section 36-235 provides for an appeal to this Court from any final order or judgment of any court having jurisdiction of the proceedings as provided for in the chapter dealing with bastardy.

From the foregoing it will be seen that the Trial Judge of the Circuit Court sustained the plea of the Statute of Limitations which was designated a Plea in Abatement, stating that after an examination of the various definitions of ''Support'', it was his conclusion that the word as used in the paternity statute means ''maintain with a reasonable degree of regularity or supply the needs of the child including food, medicine, housing, clothes, etc.'' and further that under the proof, the money given to petitioner by the defendant, ''the same being voluntary contributions, do not, in my opinion constitute supporting the child to the extent that is contemplated by the statute, so as to toll the Statute of Limitations.''

It will be noted from the Bill of Exceptions that, excluding the $500.00 payment made by the father of the boy to induce a dismissal of the original bastardy proceedings, we find that, according to the testimony of the petitioner which is uncontroverted in this record, defendant gave her $25.00 in October, 1966, $20.00 in October, 1967, $20.00 in August, 1968, $40.00 on Christmas, 1968, $20.00 in January, 1969, and that, in addition, he gave her $10.00 to $20.00 seven to ten times from October, 1966 to January 9, 1969.

The statute simply states that proceedings to establish the paternity of a child shall not be brought after the lapse of more than two years from the birth of a child "unless paternity has been acknowledged by the father in writing *or by the furnishing of support.*" This statute does not specify the amount of support or the frequency with which support payments must be made in order to toll the running of the statute and we are persuaded to believe that the foregoing testimony of the petitioner is sufficient to show that the defendant acknowledged paternity by the furnishing of support in the absence of any contradiction whatever. We are of the opinion that there is sufficient evidence, according to the Bill of Exceptions herein, to require further examination into the truth or falsity of the petition charging that the defendant is the father of the child and, therefore, obligated to furnish support, and that, since as a jury was demanded, a jury question is made that should be submitted to the jury along with the testimony of the petitioner and any other testimony or evidence that might be produced by her in support of the petition and by the defendant in opposition thereto, if he desires to contest said petition.

◼ Although not assigned as error, where a jury was demanded, the hearing and determination of factual issues presented by a plea in abatement or special plea in bar by a judge without a jury was not proper unless the jury trial was waived. Troxel v. Jones, 45 Tenn.App. 264, 322 S.W.2d 251 (1958).

◼◼ We think it proper to take notice of the fact that defendant's father paid petitioner $500.00 to induce a dismissal of the original warrant in which defendant was charged with paternity of the child of petitioner and with the duty of supporting it. Sec. 32-223, T.C.A.

fixes liability of the father for support and education of a child born out of wedlock. This statutory duty inures to the benefit of the child and we do not conceive that the dismissal by the mother of the original warrant could be considered as foreclosing the right to later assert the father's duty to furnish necessary support.

For the foregoing reasons, the decree of the Circuit Court is reversed and the cause is remanded to that Court for a trial of the issues made by the petition and the pleas of the defendant, including such other and further pleadings as may be filed pursuant to the orders of the Circuit Court within his jurisdiction and discretion.

Reversed and remanded.

Puryear and Todd, JJ., concur.