**Joe Harrison PATRICK, Petitioner,**

v.

**Helen DICKSON, Respondent.**

Supreme Court of Tennessee.

Aug. 18, 1975.

Tyler Berry, III, Franklin, for petitioner.

John B. Wilkes, Nashville, for respondent.

## OPINION

HENRY, Justice.

This bastardy proceeding involves the construction and application of Section 28–106, T.C.A., governing the institution of actions after an adverse decision not foreclosing merits. Additionally it involves the question of whether the Tennessee Rules of Civil Procedure govern such cases.

### I.

On February 25, 1971 respondent, Helen Dickson filed her petition in the Juvenile Court of Davidson County seeking to have that court determine that petitioner, Joe

Harrison (subsequently identified as Joe Harrison Patrick) was the father of her child born June 9, 1968, and to recover the statutory support and incidental expenses. She alleged that the defendant had acknowledged paternity and had made small payments and gifts within the preceding two years. Process was served the following day.

On March 19, 1971 the defendant filed his plea, demanding blood tests and fully denying all averments of the petition.

On October 5, 1971 the defendant moved the court to dismiss for lack of prosecution and for failure of complainant "to comply with the orders of the Court", to present herself for blood tests. We parenthetically note that the record does not reflect the entry of an order pursuant to Sec. 36–228, T.C.A.

Two years later (March 23, 1973) the Juvenile Court entered an order reciting that the case was set for trial on March 14, 1973; that the parties were so notified; that the complainant was "paged twice to come forth and plead her case . . . and she did not appear"; that complainant "failed to respond to the court orders ordering her to have a blood test made, and ordering

> (t)hat the complaint of Helen Paulette Dickson be *dismissed* as to this defendant, with *prejudice*. . . . (emphasis supplied)

In the absence of court orders relative to blood tests we must assume that the basis of the dismissal was failure to prosecute.

Three months after the entry of this order, (June 25, 1973) respondent, through another attorney, filed a new petition in the Juvenile Court of Davidson County seeking a paternity determination, reimbursement for expenses incident to pregnancy and for the support, maintenance and education of the child.

The defendant, by plea, moved to dismiss on the basis of the dismissal, with prejudice, of the former suit, moved for a blood test, and answered generally.

On January 23, 1974 the Juvenile Court entered an order sustaining the motion to dismiss solely on the basis of the dismissal, with prejudice, of respondent's first petition.

The Court of Appeals, in a split opinion, reversed and remanded for a trial on the merits.

The majority opinion, by Judge Todd, proceeds upon the assumption that § 28–106, T.C.A. and Rule 41.02, Tennessee Rules of Civil Procedure, are in irreconcilable conflict; that the Rules of Civil Procedure are not applicable to bastardy cases in juvenile court; that the statute must take precedence over the rule; that respondent did not have a hearing on the merits as contemplated by § 28–106, and that she had the right to prosecute her second suit to a conclusion.

Judge Shriver concurred in the remand, but agreed with Judge Drowota that the Rules of Civil Procedure are applicable in paternity cases. He concurs with Judge Todd that Rule 41.02 (1) and (3) would not be effective to deprive a plaintiff of the right to re-file a suit within one year after dismissal "upon any ground not concluding his right of action". Judge Drowota would apply the Rules to paternity cases in Juvenile Court, and would hold that the court's action in dismissing the first action would clearly operate to conclude the right of action and would bar the second suit, except to the extent that it relates to the cause of action of the child, which he would permit to stand under *Reynolds v. Richardson*, 62 Tenn.App. 269, 462 S.W.2d 233 (1970).

## II.

■ We hold that the Tennessee Rules of Civil Procedure do not apply to paternity cases in the juvenile courts, under the present structure of these courts. Legal and practical considerations prompt this conclusion.

Rule 1, Tenn.R.Civ.P. reads as follows:

> Subject to such exceptions as are stated in them, these rules shall govern the pro-

cedure in the circuit and chancery courts of Tennessee and in other courts while exercising the jurisdiction of the circuit or chancery courts, in all civil actions, whether at law or in equity, including civil actions appealed or otherwise transferred to those courts. These rules shall not be applicable to courts of general sessions except in cases where such courts by special or private act exercise jurisdiction similar to that of circuit or chancery courts. These rules shall be construed to secure the just, speedy and inexpensive determination of every action.

The Committee Comment following the Rule reads as follows:

Committee Comment: This rule makes it clear that these Rules establish identical procedures for circuit and chancery courts and for those other courts of record which have been established by special or private acts of the General Assembly and which have jurisdiction similar to that of the circuit or chancery court, or of both. The Rules are not applicable to general sessions courts in the exercise of jurisdiction conferred by general statutes, but if a particular general sessions court exercises, under authority of a special or private act of the General Assembly, special jurisdiction similar to that of the circuit or chancery court, then these Rules do apply to that court in the exercise of that special jurisdiction.

This Rule and the Comment thereunder makes it clear that the Rules apply only to the circuit and chancery courts and to other courts while exercising the jurisdiction of these courts. This was obviously intended to embrace special law courts, law and equity courts and those general sessions courts that, by private act, exercise limited circuit and chancery jurisdiction.

We question the propriety of extending Civil Rules to paternity cases. As a minimum, they are quasi-criminal in character. They are instituted by an arrest warrant, unless the court, in its discretion, determines that a summons be issued as in criminal cases. (§ 36–224).

When the putative father is arrested, he may be committed to jail in default of bond (§ 36–225). Section 36–231 provides for imprisonment of the accused for wilful failure to pay support.

The Civil Rules are not compatible with a quasi-criminal hearing.

We are not unmindful of the holding in *Nabors v. Durham,* 60 Tenn.App. 637, 450 S.W.2d 314 (1968) wherein the Court of Appeals for the Western Section held that proceedings in the juvenile court to determine paternity are equitable in nature; however this was in order to avoid a rigid rule of law with respect to pleading and does not purport to characterize a bastardy action as a suit in equity.

Indeed, the entire juvenile court structure, despite recent renovations and innovations continues to constitute, in a large measure, a junior criminal court.

This characteristic of these courts was recognized by the Supreme Court of the United States in *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), wherein the Court points out that "there is a gap between the originally benign conception of the system and its realities" and observes that recent cases require "that [the] courts 'eschew the "civil" label of convenience which has been attached to juvenile proceedings' and that the juvenile process . . . be candidly appraised."

Courts cannot in good conscience always consider the practical impact of decisions, and this is especially true when constitutional rights and evolving standards of due process are involved, but here we deal only with the application of a procedural rule. We cannot avoid taking note of the fact that of the 105 courts exercising juvenile jurisdiction in Tennessee, only 26 are presided over by lawyers. This means that the application of these rules to the juvenile courts would result in their being administered and enforced by 79 lay judges—75 per cent of the total number.

Until such time as these courts shall have been restructured this Court will not exercise its inherent or statutory supervisory power to impose upon them a set of rules, which were written for courts presided over by law-trained judges and operating on a much more formal basis than is contemplated for juvenile court proceedings.

### III.

■ We now consider the question of whether § 28–106 T.C.A. operates to bar the second paternity action.

It does not.

This section reads as follows:

28–106. *New action after adverse decision not foreclosing merits.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The very first case annotated under this statute recites that it's for the benefit of a plaintiff whose first case has been dismissed without a hearing on the merits. *Reed v. Cincinnati, N.O. & T.P.R. Co.,* 136 Tenn. 499, 190 S.W. 458 (1916).

Under the old practice, a dismissal for failure to file a declaration (a form of failure to prosecute) did not conclude the right of action. *La Follette Coal, Iron & R. Co. v. Minton,* 117 Tenn. 415, 101 S.W. 178 (1906).

In *Rye v. DuPont Rayon Co.,* 163 Tenn. 95, 40 S.W.2d 1041 (1931), the Court held that a dismissal for failure to prosecute an action does not conclude the right to renew the suit within a year.

*Rye* was relied upon by this Court in *Woods v. Palmer,* 496 S.W.2d 474 (Tenn. 1973), wherein Justice Humphreys, writing for the Court, held that "Sec. 28–106 T.C.A. is remedial and should be liberally construed in furtherance of its purpose, and in order to bring cases within its spirit and fair intention." *Woods* involved a claim against a decedent estate which was dismissed for failure to prosecute. Thereafter, within one year, the claim was re-filed. It was dismissed by the probate court on the basis of a plea of res judicata. Relying on *Rye,* the Court held that unless the dismissal was on the merits, the refiled claim was not barred either by the statute of limitations or by the doctrine of res judicata. In setting aside the judgment of the probate court, the Court concluded its opinion with these apt words:

> So, while, because of the volume of judicial business today, there may be justifiable impatience with a failure to prosecute, the statute authorizing the reinstitution of a suit where the first suit has been terminated on inconclusive grounds cannot be ignored. 496 S.W.2d at 477.

See also *W. R. Grace & Company v. Taylor,* 55 Tenn.App. 227, 398 S.W.2d 81 (1965), wherein Justice Humphreys, while a member of the Court of Appeals for the Middle Section, held that a decree dismissing a suit for want of prosecution was not res judicata since the dismissal was not on the merits, and a subsequent suit could be brought within one year.

We are not unmindful that the original order of dismissal recited that it was "with prejudice". In *Long v. Kirby-Smith,* 40 Tenn.App. 446, 292 S.W.2d 216 (1956), the dismissal order was "with full prejudice". In a most excellent opinion by Justice Felts, it is pointed out that such dismissals were unknown to the common law. At common law a non-suit, a discontinuance or a non prosequitur merely ended that particular suit but did not bar a subsequent suit on the same cause of action, unless a retraxit (an open and voluntary renunciation of suit in court) was entered. The rule of retraxit does not prevail in Tennessee. Apropos this case the Court said:

Nor do the common-law courts in this state have jurisdiction, like courts of equity, to enter decrees dismissing actions "without prejudice" to plaintiff's right to sue defendant again on the same cause or "with prejudice" to such right. The decisive test is whether the judgment was on the merits. 292 S.W.2d at 221.

The present practice is governed by Rule 41 of the Tennessee Rules of Civil Procedure, but, as aforesaid these rules do not apply to the juvenile court. That court continues to be governed by the common law rules of *Long, supra.*

We hold that the first order of the juvenile court, dismissing for failure to prosecute, was not "on the merits" and that the words "with prejudice" were a nullity. We further hold that the action of the juvenile court in dismissing the second paternity action was erroneous.

The judgment of the Court of Appeals is affirmed. The costs in this Court will be paid by petitioner.

COOPER, HARBISON and BROCK, JJ., and LEECH, Special Justice, concur.