**Shirley Lee WILSON, Plaintiff-Appellee,**

v.

**Edgar Powell BOWMAN, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

July 30, 1981.

Appeal Denied by Supreme Court Oct. 13, 1981.

Susan Garner, Legal Services of Middle Tenn., Inc., Murfreesboro, for plaintiff-appellee.

Thomas J. Haynes, Murfreesboro, for defendant-appellant.

## OPINION

CANTRELL, Judge.

The appellant seeks a reversal of an order of the Juvenile Court of Rutherford County which ordered him to pay $30.00 per week for support of the minor child of the appellee. Appellant had been adjudged the father of the minor child by an order of the Juvenile Court on October 10, 1969.

In August of 1969 plaintiff-appellee, Shirley Lee Wilson, filed a petition in the Juvenile Court of Rutherford County to establish that the defendant-appellant Bowman was the father of appellee's minor child.

On October 10, 1969 the Juvenile Court found for the appellee and ordered the appellant to pay $15.00 per week in child support. On October 17th, 1969 the appellant appealed the case to the Circuit Court of Rutherford County. The Circuit Court dismissed the appeal for lack of prosecution on June 25th, 1971 and affirmed the verdict of the Juvenile Court.

Apparently, the parties were not aware that the appeal had been dismissed by the Circuit Court. On October 8th, 1971 they entered into an agreement whereby the defendant was to pay $10.00 per month in child support. From that time until February of 1980 the appellant complied with the agreement by paying $10.00 per month to the appellee.

On September 10th, 1979, the plaintiff-appellee filed a petition in Juvenile Court to increase the amount of child support, alleging a change of circumstances. On October 24th, 1979 appellant filed a motion to dismiss the petition to increase child support and alleged therein that there had never been a hearing on the issue of paternity in the Juvenile Court because he had demanded a jury trial on that issue and that was the reason the case had initially been transferred to the Circuit Court. The Juvenile Court Judge, on his own motion, transferred the matter to the Circuit Court for action on the appellant's motion.

The Circuit Court held that the defendant had not timely demanded a jury trial in the Juvenile Court initially and any appeal from the Juvenile Court's determination of paternity should have been made to the Court of Appeals. Further, the Circuit Court held that even if the appeal to the Circuit Court was proper, the order of June 25th, 1971 dismissing the appeal could not be collaterally attacked eight years later. The Circuit Court remanded the case to the Juvenile Court for a determination on the question of arrearage and future child support.

On July 23, 1980 the Juvenile Court, after a hearing, found that an arrearage of

$7,205.00 existed under the order of October 10th, 1969, but forgave the arrearage on the ground that it had not been shown that the parties' child suffered as a result. The Court also ordered an increase in child support to $30.00 per week.

The order of the Juvenile Court is set forth verbatim:

## ORDER

This cause came on to be heard on the 23rd day of July, 1980, before the Honorable James K. Clayton, Judge, upon the Petition to Increase Child Support and for Contempt, the cause having been remanded to Juvenile Court by the Circuit Court of Rutherford County for determination of the amount of arrearage owing under the Juvenile Court's Order of October 10, 1969, and for determination of an appropriate amount of child support, whereupon the Court finds and hereby orders upon the testimony of the parties, statement of counsel and the entire record herein, as follows:

### I

That under the Order of October 10, 1969, defendant was to pay Fifteen Dollars ($15.00) per week in child support, but has paid only Ten Dollars ($10.00) per month from October of 1969 until February of 1980, and that defendant is therefore in arrears in the amount of Seven Thousand Two Hundred Five Dollars ($7,205.00).

### II

That it has not been shown that the child of the parties suffered as a result of defendant's failure to comply with the Order of October 10, 1969, and that this Court therefore, forgives the arrearage owed by the defendant.

### III

That an increase in child support is warranted and defendant is ordered to pay Thirty Dollars ($30.00) per week to petitioner as child support beginning Monday, August 4, 1980.

### IV

The costs of this cause are taxed against the defendant for which execution may issue if necessary.

ENTERED this 15th day of August, 1980.

/s/ James K. Clayton
JUDGE

On September 15th, 1980 the appellant filed a Notice of Appeal "from the August 15, 1980 Order of the Juvenile Judge entered in this cause."

The appellant raises these issues on appeal:

1. Whether the Juvenile Court had the authority to make findings of paternity and set support without a hearing or taking of proof and at a time when the defendant prayed for a trial in the Circuit Court.

2. Whether the Juvenile Court erred in its opinion that it was without authority to relieve defendant Bowman from its Order of October 10, 1969.

3. Whether the defendant Bowman because of wrongful recitals of findings on the issue of Paternity in the Juvenile Court Order of October 10, 1969 has ultimately been denied his rights to trial by jury.

As we see it, Issues 1 and 3 are not properly before this Court. The only appeal is from the order of the Juvenile Court of Rutherford County of August 15, 1980 which does not relate to the things complained of in these issues.

 The only issue raised by the defendant which might be reviewable is the second. Appellant argues that the Juvenile Court should have given relief from the order of October 10, 1969. There is in the record a motion requesting such relief. However, no authority is cited for that proposition. The authorities cited by the defendant, *Nabors v. Durham*, 60 Tenn. App. 637, 450 S.W.2d 314 (1968), and *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn. 1976),

do not support the proposition that the Juvenile Court has the power to set aside one of its judgments after the passage of ten years on the allegation of a discontented party that the judgment is erroneous. The limited power of a trial court of general jurisdiction to grant relief from judgments or orders under Rule 60 of the Rules of Civil Procedure is not available in the Juvenile Court. *Patrick v. Dickson*, 526 S.W.2d 449 (Tenn. 1975). We are not cited to any other authority which gives the Juvenile Court the right to set aside one of its judgments after it has become final. Therefore we conclude that the Juvenile Court was not in error for refusing to do so.

■ The other issues raised by the appellant attack the order of October 10, 1969 itself. That judgment, however, is final and not subject to review on appeal. Relief from that judgment must come, if at all, from some proceeding brought for that purpose under the established rules of practice. The only court to which this question has been addressed is the Circuit Court of Rutherford County and that Court decided the issue adversely to the appellant. No appeal has been taken from that decision. We, therefore, do not pass on the validity of that determination nor whether the Circuit Court was the proper forum in which to seek such relief because these issues are not before us. There is simply no appeal from the judgment of a lower court which has considered the validity of the judgment of October 1969.

Therefore we conclude that all of the issues raised by the appellant are without merit.

■ The appellee has raised as an issue the action of the Trial Court in forgiving the arrearage. The sense of the appellee's argument is that the Juvenile Court had no authority to modify the prior order or to nullify its effect. However, we are of the opinion that the Trial Court does have the authority to forgive arrearages in child support arising out of a paternity action. Such authority is derived from the remedial purpose of T.C.A. § 36–232. From this authority the Trial Judge as a matter of discretion

has the power to grant retroactive relief of delinquent child support.

■ Tennessee has adopted the minority rule that in cases of annulment, divorce or separate maintenance a decree for the support of a minor child, even as to past due and unpaid installments, may be modified by the court at any subsequent term. *Dillow v. Dillow*, 575 S.W.2d 289 (Tenn.App. 1978); *Zeitlin v. Zeitlin*, 544 S.W.2d 103 (Tenn.App. 1976); *Gossett v. Gossett*, 34 Tenn.App. 654, 241 S.W.2d 934 (1951); *Crane v. Crane*, 26 Tenn.App. 227, 170 S.W.2d 663 (1942). This rule is based on the language of T.C.A. §§ 36–820 and 36–828. T.C.A. § 36–820 provides that when a marriage is dissolved and an order made for the support of the spouse and/or children, the order or decree is "to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown." The language of T.C.A. § 36–828 reads in part as follows: "Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require."

There is a comparable statutory provision relative to paternity proceedings which would authorize the forgiveness of child support arrearages arising out of such proceedings. T.C.A. § 36–232 reads as follows:

> The court shall have continuing jurisdiction over proceedings brought to compel support and education and to increase or decrease the amount fixed by the order of paternity and support until the child shall have become eighteen years of age.

In view of its remedial purpose this statute should be broadly construed to authorize the court to modify or cancel delinquent installments of child support. *See Daugherty v. Dixon*, 41 Tenn.App. 623, 297 S.W.2d 944 (1956).

■ The Juvenile Judge forgave the arrearage on the ground that it had not been shown that the parties' child suffered as a result of the non-payment. This ground, so far as we can tell, has not been adopted by the appellate courts, but it does not appear

**62**

to be unfair in the context of this case. The agreement of 1971 which allowed the appellant to pay $10.00 per month child support, while not relieving him of the duty to abide by the prior order of the court, could be taken into consideration by the Juvenile Judge in the exercise of his discretion. The appellant had faithfully performed under that agreement until the present controversy arose.

Since it has not been shown that the forgiveness of the arrearage was an abuse of discretion, we hold that this issue is without merit.

The judgment of the Juvenile Court of Rutherford County is affirmed and the cause is remanded for any further proceedings that are necessary. The costs are taxed to the appellant.

AFFIRMED AND REMANDED.

LEWIS and CONNERS, JJ., concur.