# IN THE COURT OF APPEALS OF TENNESSEE,
## AT NASHVILLE

_____

| | | |
|---|---|---|
| **PENNY POSTELLE**, | ) | Davidson County Circuit Court |
| | ) | Nos. 97C-578 and 97C-569 |
| Plaintiff/Appellee. | ) | |
| | ) | |
| VS. | ) | C.A. No. 01A01-9708-CV-00446 |
| | ) | |
| **DR. GENE SNEAD, Individually and** | ) | |
| **d/b/a EMERGENCY CHIROPRACTIC** | ) | |
| **CLINIC**, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

**FILED**

**July 17, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

From the Circuit Court of Davidson County at Nashville.
**Honorable Thomas W. Brothers, Judge**

**John M. Cannon**, CANNON, CANNON & COOPER, P.C., Goodlettsville, Tennessee
Attorney for Defendant/Appellant.

**Stephen Crofford**, PARKER, ALLEN & CROFFORD, Nashville, Tennessee
Attorney for Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P. J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

This case addresses the issue of whether the dismissal of an action for failure to prosecute in general sessions court operates as an adjudication on the merits, thus barring a subsequent suit on the same cause of action under the doctrine of *res judicata*, absent local rule. The appellant, Dr. Gene Snead, individually, and d/b/a Emergency Chiropractic Clinic (hereinafter "Snead"), has appealed from the summary judgment entered by the trial court in favor of the appellee, Penny Postelle ("Postelle"), which holds that such dismissal is not an adjudication on the merits and that the *res judicata* doctrine is not an available defense to Snead in the present action. After review of the record, we affirm the judgment of the trial court for the reasons hereinafter stated.

On July 31, 1996, Postelle filed a civil warrant in general sessions court against Snead to recover $5,500 allegedly due her for work and labor performed on Snead's behalf. A hearing was set for August 23, 1996. Postelle did not appear in court on the day of the scheduled hearing. Snead and his counsel were present, however, and Postelle's suit was dismissed for failure to prosecute. The judgment states "[d]ismissed F.T.P." and is dated August 28, 1996. The record does not include an appeal from the dismissal.

On December 13, 1996, Postelle filed an identical action against Snead in the general sessions court. Snead filed a motion to dismiss this second action on the basis that the dismissal of the first action for failure to prosecute was an adjudication on the merits and that the present action was barred under the doctrine of *res judicata*. Snead asserted, "[Postelle] has already had the opportunity to litigate this matter and instead, this case was dismissed in favor of [Snead]. Therefore, this Court must, under the doctrine of *res judicata* dismiss this action . . . ." The general sessions court granted the motion and entered judgment for Snead on February 18, 1997.[1] The court also denied Postelle's motion to set aside the order of dismissal entered on August 28, 1996. On February 27, 1997, the presiding judge of the general sessions court entered an order amending local Civil Rule 4.01 by adding the following language: "[w]hen a case is dismissed without a trial for want of prosecution, said dismissal shall be without prejudice to either party's right to bring it again."

---

[1]The judgment inadvertently reads "2-18-96."

Postelle appealed the general sessions court's decision to circuit court where she filed a motion for summary judgment asserting that the amendment to local rule 4.01 resolved the issue.[2] (R. 12). Snead also filed a motion for summary judgment asserting that the rule upon which Postelle relied was entered after the accrual of their defense of *res judicata*[3] and also argued, from the standpoint that Postelle was apparently appealing both the granting of the motion to dismiss and the denial of her motion to set aside, that it was too late to set aside the prior order of dismissal because Postelle did not appeal that decision within ten (10) days after the original hearing.[4]

After entertaining the parties' respective motions, the trial court entered an order granting Postelle's motion for summary judgment "on the issue of res judicata not being an available defense" and also on the issue that the monetary amount to which she would be entitled, if liability were proven, was $5,500. The court denied Snead's motion for summary judgment and expressly reserved the issue of liability. After further hearing, the trial court entered a final judgment finding "no genuine issue of material fact for trial" and awarding a judgment to Postelle for $5,500.[5]

The sole issue presented on appeal, as stated by the appellant, is "[w]hether a dismissal for failure to prosecute in a general sessions case, absent local rule or specific finding of

_____

[2]The motion reads, in part, as follows:

> The problem at the General Sessions level was that the local rules for the General Sessions Court of Davidson County, Tennessee, did not address whether a dismissal for failure to prosecute was a judgment on the merits or not. A special Judge made the ruling at the General Sessions level. The fact that this case was appealed was brought to the attention of the General Sessions Court Administrator, providing the Court Administrator the briefs of both parties. . . . In response to this inquiry, the General Sessions Judges, through the presiding Judge, . . . responded with a letter dated February 28, 1997, and an Order amending the local rules of the General Sessions Court of Davidson County, Tennessee. . . .

> . . . the General Sessions Court of Davidson County, Tennessee, has clarified and set forth the practice in General Sessions Court to specify that a dismissal for want of prosecution is a dismissal without prejudice to either parties['] rights to bring it again.

[3]The parties do not dispute that the amendment to local rule 4.01 occurred after the ruling of the general sessions court on February 18, 1997.

[4]The affidavit of Dr. Snead was submitted in support of the motion.

[5]The affidavit of Postelle submitted in support of her motion for summary judgment states that the money due her from Snead is $5,500. This amount was not refuted in the affidavit submitted by Snead.

prejudice, operates as a *res judicata* bar to the same action in a subsequent suit." We believe this issue is resolved by this court's opinion in *Sea-Land Service, Inc. v. Buntrock Indus., Inc.,* No. 03A01-9407-CH-00237, 1994 WL 719601 (Tenn. App. Dec. 28, 1994). In *Sea-Land*, the plaintiff initially filed suit against the defendant in general sessions court and on the scheduled hearing date failed to appear, although defendant and counsel were present. The suit was dismissed for failure to prosecute. The plaintiff thereafter pursued the same action against the defendant in the chancery court where it was dismissed upon motion for summary judgment under the doctrine of *res judicata*. The only issue presented on appeal was whether the trial court had erred in entering summary judgment for the defendant. In holding the doctrine inapplicable under the facts before it, the *Sea-Land* court reasoned as follows:

> In order for res judicata to operate as a bar to plaintiff's suit in the instant case, the dismissal of the prior general sessions suit must have been a dismissal on the merits of the case. *Long v. Kirby-Smith*, 40 Tenn.App. 446, 292 S.W.2d 216, 219 (1956). Therefore, the dispositive issue in this case is whether the dismissal of the general sessions suit operated as a adjudication on the merits of the case. Under Tenn.R.Civ.P. 41.02, the dismissal for failure to prosecute operates as an adjudication upon the merits unless otherwise ordered by the court. However, the Tennessee Rules of Civil Procedure do not apply, with certain exceptions not applicable here, to general sessions court. Tenn.R.Civ.P. 1. Accordingly, in the absence of a statute or rule to the contrary, common law controls the decision as to whether the general sessions dismissal operates as an adjudication on the merits.
>
> In *W. R. Grace & Company v. Taylor*, 55 Tenn.App. 227, 398 S.W.2d 81 (Tenn.App. 1965), this court was faced with a similar problem. In *Grace*, the defendant entered a plea of res judicata on the ground that a bill on the same cause of action had previously been filed by complainant in November of 1961, but had been dismissed by decree of September 3, 1962, for failure to prosecute. *Id*. at 82. On the date the first case was set for trial, complainant did not appear, although defendant was ready for trial. *Id*. at 83. The court then dismissed plaintiff's case for want of prosecution. *Id*. The plaintiff then refiled the same suit a short time later. In the second suit, the chancellor overruled defendant's plea of res judicata, and held that the order of dismissal, even though it did not recite that it was without prejudice, was not res judicata. In affirming the chancellor, this court said:
>
>> [W]here it appears on the face of a decree of dismissal that it was not upon the merits, as in this case where it appears from the face of the decree the dismissal was based on want of prosecution, that a suit on the same grounds may be reinstated at any time within one year, and that such a decree is not res judicata.
>
> *Id*. at 83. *See also Patrick v. Dickson*, 526 S.W.2d 449

(Tenn.1975); *Woods v. Palmer*, 496 S.W.2d 474 (Tenn. 1973).

In *Patrick v. Dickson, supra*, our Supreme Court, after ruling that the Tennessee Rules of Civil Procedure do not apply to paternity cases in juvenile court, held that an order of dismissal for failure to prosecute which stated that the dismissal was with prejudice did not operate as an adjudication on the merits and would not sustain the plea of res judicata in the case before the court. *Id*. at 453.

Under the above authorities, it appears that the dismissal for lack of prosecution of plaintiff's first case in general sessions court was not an adjudication on the merits, and, therefore, res judicata would not bar this suit in the case before us. Accordingly, the order of the trial court granting summary judgment is reversed.

We find the reasoning set forth in *Sea-Land* applicable to the present case. We therefore find that the dismissal of Postelle's original suit for failure to prosecute was not an adjudication on the merits and that Postelle was entitled to refile the same action against Snead, in accordance with the savings statute. The doctrine of *res judicata* is not available as a defense to Snead in the present action.

It results that the judgment of the trial court is affirmed and this cause remanded thereto for any further proceedings herewith consistent. Costs are assessed against the appellant, for which execution may issue if necessary.

_____
FARMER, J.


_____
CRAWFORD, P.J., W.S. (Concurs)


_____
LILLARD, J. (Concurs)