**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

FILED

April 15, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| JOHN R. WHALEY, | ) C/A NO. 03A01-9809-JV-00272 |
| | ) |
| Petitioner-Appellant, | ) BLOUNT JUVENILE |
| | ) |
| v. | ) HON. WILLIAM TERRY DENTON, |
| | ) JUDGE |
| STATE OF TENNESSEE, *ex rel* | ) |
| ANNA GIVENS, | ) AFFIRMED |
| | ) AND |
| Respondent-Appellee. | ) REMANDED |

KEVIN W. SHEPHERD, Maryville, for Petitioner-Appellant.

JOHN KNOX WALKUP, Attorney General and Reporter, and
RONALD W. McNUTT, Assistant Attorney General, Nashville, for Respondent-Appellee.

**O P I N I O N**

Franks, J.

Appellant filed a T.R.C.P. Rule 60 with the Trial Court on March 12, 1996, attacking a judgment entered by the Juvenile Court on August 1, 1980. That judgment provided:

> Johnny Whaley appears in open Court and acknowledges that he is the father of John Randall Ogle, and the child is declared to be the legitimate child of Johnny Whaley and Anna Elizabeth Ogle. The name of the child shall be changed to John Randall Whaley. The father's date of birth was February 22, 1951 in the state of Tennessee. The birth certificate shall be amended to reflect the correct information. The father shall pay into the Registry of this Court the sum of Twenty Dollars ($20.00) per week for support of said child. The first payment is due on or before August 8, 1980 and a like payment each Friday thereafter.

Appellant was denied relief in the Trial Court, on the ground that his

Rule 60 motion was not timely, but he argues on appeal that this Court should declare the 1980 judgment void on the basis that it was not entered in compliance with the requirements of Rule 58 of the Tennessee Rules of Civil Procedure.

This argument is without merit. The Rules of Juvenile Procedure, applying the Rules of Civil Procedure to paternity cases, was not effective until 1984. The Tennessee Supreme Court held in 1975[1] that the Tennessee Rules of Civil Procedure did not apply to paternity cases in juvenile court because of the juvenile court's structure, and the juvenile courts had not been restructured nor the Rules adopted, as of the time of the entry of the judgment in this case.

Accordingly, we affirm the judgment of the Trial Court for the reasons herein stated, and remand with cost of the appeal assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
Charles D. Susano, Jr., J.

--------

[1] *Patrick v. Dickson*, 526 S.W.2d 449, (TN. 1975).